NEWYORK,
October, 1816.

SUYDAM AND
WYCKOFF
v
KEYS.

Persons not inhabitants of a town, are not liable to be taxed for the support of common schools in that town; (1 N. R. L. 261,) and if a tax be assessed, and levied upon the property of such non-resident, not only the trustees who issue the warrant, but also the collector who executes it, are trespassers. The trustees having but a special and limited authority, the officer is bound to see that he acts within the scope of their legal powers.

But an officer may justify under erroneous proceedings, where there is no defect of jurisdiction.

## SUYDAM AND WYCKOFF against KEYS.

THIS was an action of trover, to recover the value of four barrels of flour, which had been levied upon and sold by the defendant, by virtue of a warrant from the trustees of the twelfth school district in the town of *Munroe,* directing the defendant to collect from the plaintiffs the sum of forty-eight dollars, which had been assessed on them, for the purpose of building a school-house.

The plaintiffs were the owners of mills, and other property, in the town of *Munroe,* where their business was conducted by an agent, but they actually resided in the city of *New-York.* The agent of the plaintiffs had, before the sale of the flour, sold to the defendant timber, which was applied towards building the school-house, and at the time of the sale the defendant credited the plaintiffs with the price of the timber on the assessment, and sold the flour for the balance, which was twenty-five dollars. The agent of the plaintiffs forbade the sale, and denied the justice of the demand. The defendant justified under the warrant, before mentioned, under the hands and seals of the trustees of the said school district, directing him to collect from each of the inhabitants of the district, the several sums of money written opposite to their names in the tax-list annexed to the warrant, and in case of neglect or refusal, to levy on the goods and chattels of the delinquent. The jury found a verdict for the plaintiffs, for forty dollars, subject to the opinion of the court on the above case.

*Ross,* for the plaintiffs, contended, that no person but a resident inhabitant of the district was liable for the school-tax, under the act, (35 *sess. ch.* 242. *s.* 8. 1 *N. R. L.* 261.) Though the plaintiffs had real estate in the district, the tax was no *lien* on the land.

The levying of this tax being illegal, and there being a want of jurisdiction, the parties concerned in the collecting of the tax are trespassers.*

* *Smith v. Shaw,* 12 *Johns. Rep.* 267.

*Storey,* contra, insisted, that admitting the assessment to have been improperly made, yet the defendant was not liable to this action. In *Henderson* v. *Brown,*† this court decided that tres-

† 1 *Caines' Rep.* 92.

pass would not lie against an officer for executing a warrant of distress, though the assessment was erroneous.

As to the principal point, he urged that the plaintiffs, though not actually residing within the district, yet having property there, were liable to the assessment under the act. *Sir Edward Coke*, in his commentary on the 22 *Hen.* VIII. *c. 5.* relative to the repairs of bridges, by the inhabitants of the shire, says, that as to the words " inhabitants of the said shires," that though a man dwells in a foreign county, or town, yet if he has lands or tenements in his own possession or manurance in the county where the decayed bridge is, he is an inhabitant within the meaning of the statute; so, if a man dwelleth in a foreign shire, or town, and keeps a house and servants in another shire, or town, he is an inhabitant in each shire, &c. within the statute: *Habitatio dicitur a habendo, &c.* And he gives the same construction to the word *inhabitants*, in *Jeffreye's* case,* relative to the poor rates. So, in *Leigh* v. *Chapman,*† Chief Justice *Hale* gave the same construction to the word, in a case arising under the statute of hue and cry; and in *Atkins* v. *Davis,*‡ the proprietors of the *London* bridge water-works, who had only their offices, wheels and works, within the ward in which they had been assessed, under the statute of 27 *Eliz. ch.* 13. *s. 5.* were adjudged, in the exchequer chamber, to be inhabitants of the ward, on the authority of Lord *Coke* and Lord *Hale.*

PLATT, J., delivered the opinion of the court. This is an action of trespass, for taking four barrels of flour from the mill of the plaintiffs, in the town of *Munroe*, in *Orange* county.

The defence is a justification, by virtue of a warrant under the hands and seals of the trustees of the school district, (which included the mills of the plaintiffs,) for collecting a tax which had been voted by the freeholders and inhabitants of the district, for the purpose of building a school-house, according to the provisions of the 8th section of the act for the establishment of common schools. (1 *N. R. L.* 261.)

By that section of the act, the freeholders and taxable inhabitants of the school district are authorized to vote a tax, for that purpose, " *on the resident inhabitants of such district;*" and to choose three trustees, who are required " to make a rate-bill or tax-list which shall raise the sum voted on all the taxable inhabitants of said district, agreeably to the levy on which the town-tax was levied the preceding year, and annex to said tax-list, or

NEW YORK,
October, 1816.

SUYDAM AND
WYCKOFF
v.
KEYS.

* 3 Co. 66, 67.

† 2 *Saund. Rep.* 423.

‡ *Cuddecot's cases* 315.

rate-bill, a warrant" to the collector of the district to collect the tax, accordingly.

In this case, the amount of the tax was regulary voted by the freeholders and inhabitants of the district; and the trustees made out a warrant to the defendant as collector, with a rate-bill or tax-list annexed, in which the plaintiffs are set down as inhabitants of the said district, (according to the form prescribed in the act,) with a tax of 48 dollars assessed to them.

The case admits that the plaintiffs were not resident in that district, but actually resided in the city of *New-York.*

There is no doubt that, according to the true construction of the common school act, no persons are liable to be taxed for any of the purposes mentioned in the 8th section of that act, except *actual inhabitants of the school district.* The words "*resident inhabitants,*" and "*taxable inhabitants,*" of the district, are used *synonymously* in that section.

The tax was, therefore, illegally imposed on the plaintiffs, by the trustees of that school district. The only question, of any difficulty, is, whether the collector who executed that warrant can legally claim protection under it? I incline to the opinion that the collector (as well as the trustees) is a trespasser.

The authority of the trustees was *special* and *limited;* and in assuming a right to tax the plaintiffs they exceeded the powers vested in them by law. The rule is wisely settled, that in such cases the subordinate officer is bound to see that he acts within the scope of the legal powers of those who command him.

Experience has shown that the safety of private rights will not admit of a relaxation of this rule; and the uniform current of *English* authorities have supported it with jealous caution. The principle is sometimes harsh in its application; but in order to be efficacious and certain, it is necessary that it should be uniform. Lawless power is never so dangerous as when exerted by public officers, according to the forms of law. The remedy for such abuses ought to be direct and ample. It is, therefore, insufficient to allow an action against the trustees only; they may be insolvent, or beyond the reach of process, while the officer who is the immediate trespasser, is fully able to respond.

The case of *Henderson, &c.* v. *Brown,* (1 *Caines* 91.) is clearly distinguishable from the present case. That was an action of trespass against a collector for levying a distress for a tax on the theatre in *New-York;* which had been assessed as a *dwelling-*

*house*, when it ought to have been assessed as *land with the* *theatre upon it.* There was no *want of jurisdiction*, nor *excess of jurisdiction*, in that case. It was an *erroneous*, and not a *void* assessment; and, therefore, the collector was justified.

In the case of the *Marshalsea*, (10 *Co. Rep.* 76.) Sir *Edward Coke*, in exemplifying the distinction in this respect, between a proceeding *coram non judice*, and a proceeding *inverso ordine*, or erroneous, says, " if the court of common pleas, in a plea of debt, doth award a *capias* against a duke, earl, &c. which, by the law, doth not lie against them, and the same appeareth in the writ itself, yet, if the sheriff arrest them by force of the *capias*, although that the writ be against law, notwithstanding, inasmuch as the court hath jurisdiction of the cause, the sheriff is excused." In that case a *capias* was an *irregular* process. The proceeding should have been by *summons* and *distringas* : yet, as the court had jurisdiction in actions of debt, against peers of the realm, the sheriff was justified under the *capias*, although peers were not amenable in that mode.

In this case, the property of the plaintiffs was not taxable in any degree, nor under any modification. The power of assessing the tax is expressly limited to the property of " *resident inhabitants of the school district;*" and it is admitted that the plaintiffs are not persons of that description. The cases of *Harrison* v. *Bulcock, &c.* (1 *H. Black.* 68.,) and *Mayor* v. *Knowles*, (4 *Taunt.* 634.,) are analogous. We are, accordingly, of opinion that the plaintiffs are entitled to judgment.

Judgment for the plaintiffs.