## John Johnson *versus* Isaac Dole.

A vote by a school district, whose limits have not been defined by a legal vote of the town in which it is situated, to raise money, is void ; and a warrant by the selectmen of the town to collect the money, is no protection to the collector, and if he collect the money by distress he is a trespasser.

Trespass *de bonis asportatis.* The defendant pleaded in bar that on the 1st March, 1821, there was, and ever since has been, a school district, known by the name of school district No. 4, in the town of Enfield, of which district the limits were then, and ever since have been, defined and established by a legal vote of said town of Enfield ; that said Johnson, on said 1st March, 1821, was, and ever since has been, an inhabitant of said district, and possessing taxable goods and estate within the district. The defendant then justified the taking of the goods mentioned in the declaration as a distress for taxes, duly assessed upon the plaintiff in said district, the de-

fendant being a collector of taxes, and the tax having been voted to be raised by the district. To this plea the plaintiff replied, that there was not, on the 1st day of March, 1821, a school district known by the name of school district No. 4, in said town of Enfield, of which district the limits were then, and before that time, defined and established by a legal vote of said town.

To this replication the defendant demurred, and assigned for cause that it was argumentative—and the plaintiff joined in demurrer.

*J. Parker* and *Blaisdell*, for the plaintiff.

*Bell*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The defendant justifies the taking of the goods, of which the plaintiff complains, as a distress for taxes, voted to be raised by school district No. 4, in Enfield, and assessed upon the plaintiff as an inhabitant of that district, the defendant being a collector of taxes. To this the plaintiff replies, that there was not, at the time the tax was voted to be raised, a school district No. 4, in Enfield, whose limits were defined and established by a legal vote of said town.

The defendant has demurred to this replication ; and it is insisted on his behalf, that, admitting the limits of the district were not defined by a vote of the town, still, the warrant of the selectmen is a justification to the collector.

The statute of December 28, 1805, under which the tax in this case was voted to be raised, provided, "that the several towns, &c. be empowered, at any legal meeting for that purpose, to divide into school districts and to define the limits thereof, &c." and "that the inhabitants of the several school districts whose limits are or shall be defined as aforesaid, qualified to vote in town affairs, be, and they hereby are empowered, at any meeting called, &c. to raise money, &c. It is very clear, that no district whose limits are not duly defined by the town

Johnson
*v.*
Dole.

can vote to raise money. The authority is given to the inhabitants of districts whose limits are defined, and this authority must be strictly pursued. Until the limits are defined, it cannot be known who are liable to be taxed, or who is entitled to vote ; there is, in fact, no legal district. School districts are *quasi* corporations with very limited powers, and until they are duly constituted, they have no power to act. When, therefore, the inhabitants of a particular part of a town, pretending to act as a school district, when in fact they are not a duly constituted district, vote to raise money, the vote is not warranted by the statute and is utterly void.

If, then, there was no district No. 4, in Enfield, whose limits had been defined by a legal vote of the town, a vote by inhabitants pretending to act as such district, was void, and the replication in this case is a good answer to the plea, unless the collector is protected by the warrant of the selectmen, whether the tax were legal or not. If that warrant can thus protect him, then the replication is insufficient.

The question is, then, is the collector protected by the warrant of the selectmen ?

The rule, which has been established with respect to the process of courts from very early times, is, that when a court has jurisdiction of the cause and proceeds erroneously, then neither the party who sues, nor the officer who executes the process of the court, is liable to an action. But when the court has not jurisdiction of the cause, then the whole proceeding is *coram non judice*, and an action will lie against an officer who executes its process. 10 Coke, 76, *The case of the Marshalsea.*

There is, however, an intimation of the supreme court of Massachusetts in two or three cases, that a collector of taxes is to be protected by his warrant. 3 Mass. Rep. 427 ; 13 ditto, 282.

But we are inclined to think, that the better opinion is, that where the assessors have no authority to issue a

warrant to collect a tax, the collector is not protected by the warrant, although in cases where the assessors have authority to issue the warrant, the collector is not liable for any irregularity in their proceedings. 4 D. & E. 2 *Williams* v. *Pritchard* ; 8 ditto, 468, *Perchard* v. *Heywood* ; 1 H. Bl. 68 ; 4 Taunton, 635 ; 13 Johns. 444, *Suydam* v. *Keys* ; 1 Caine's Rep. 92 ; 10 Johns. 138.

In this case, if there was no legal district, those who assessed the tax and issued the warrant, had no authority to act upon the subject, and it is extremely clear, in our opinion, that in such a case the warrant cannot protect the collector.

We are therefore of opinion, that the replication is in substance a good answer to the plea.

It is objected to the replication, that it wants form. The defect pointed out is, that it is argumentative. But it seems to us that there is, in the replication, a direct and explicit traverse of the averment in the plea, that there was a school district whose limits were defined. The replication might have been in a form much more concise. It would have been sufficient to have alleged, simply, that there was no such district as alleged, in the plea. But in its present shape, we think it amounts to a direct and positive allegation of the same thing.

We are therefore of opinion, that the replication must be adjudged sufficient.