June Term, 1853.

Sprague vs. Birchard.

---

FREDERICK A. SPRAGUE, Jr., *Plaintiff in Error.*

*vs.*

HARVEY BIRCHARD, *Defendant in Error.*

ERROR TO MILWAUKEE COUNTY COURT.

The protection which the law affords to ministerial officers acting in obedience to process fair and regular on its face, issued from a court of competent jurisdiction, is extended to such officers in the collection of taxes.

A subordinate officer is not bound to see that those who command him, act within the scope of their legal powers, if his process be fair and regular on its face, and disclose no want of jurisdiction.

An officer having knowledge of a want of jurisdiction in the tribunal or officer issuing the process, persisting in its execution would be liable.

Where the want, or excess of jurisdiction appears on the face of the process, it affords no protection to the officer, but otherwise, where such want or excess does not so appear.

There is a distinction to be made, between the officer who executes process, and the officer who issues, or the party who causes it to be issued; while the former is protected by the writ, the latter is liable for all the consequences of its execution.

The provision of the 17th Sec. of Art. 7, of the Constitution, requiring writs and process to run in the name of the State of Wisconsin, refers to judicial process only.

Where the process is, on its face manifestly irregular, or not in compliance with the statute or law prescribing it, neither the officer nor the parties are protected by it.

This was an action of trespass on the case, originally instituted by warrant in a Justice's Court, in which Harvey Birchard was plaintiff, and Frederick A. Sprague, Jr., was defendant.

The plaintiff declared for the forcible taking, lead-

| 1 | 457 |
|---|---|
| 87 | 647 |
| 1 | 457 |
| 113 | ³457 |
| 1 | 457 |
| 116 | ¹356 |

ing, riding and driving away of two horses, the property of the plaintiff, of the value of one hundred dollars, by the defendant, and for the conversion of the same to the defendant's use.

The defendant pleaded the general issue, and gave notice of justification, for the taking, &c., under and by virtue of a warrant for the collection of taxes, issued by the treasurer of the town of Eagle, in the county of Waukesha.

Judgment was rendered in favor of the plaintiff, from which the defendant appealed. The cause was tried at the March term of the Milwaukee County Court, a jury having been waived, and judgment was there rendered for the plaintiff, to reverse which the defendant brought his writ of error.

On the trial, the plaintiff proved the taking of the property by the defendant, as alleged, and also proved that he, the plaintiff, was not a resident of the county of Waukesha, at the time of the levy, and the value of the property.

The defendant then called Isaac Bottomly, who testified that he was town clerk of the town of Eagle; that the defendant was town treasurer of the said town of Eagle, and was acting as such at the time of the levy. The witness was then shown what purported to be a transcript of the assessment roll for the town of Eagle, Waukesha county, for the year 1852, with a warrant thereto annexed, directed to the defendant. Witness said the warrant and transcript of the assessment roll, was in his hand-writing, was issued by him, to the defendant, as town treasurer. The defendant then offered the said transcript and warrant in evidence, viz:

JUNE TERM, 1853.

Sprague } vs. Birchard.

ASSESSMENT ROLL

For the Town of Eagle, Waukesha County, Wis., for the year 1853.

| Non-Resident owners. | Description of lands. | Section. | No. of acres. | Value of each lot. | Value of all lots. | Value of personal property. | Total Value of property. | Town tax. | County tax. | State tax. | School tax. | Collector's per cent. | Total tax. | Paid. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Harvey Birchard. | N. E. ¼ | 36 | 160 | $320 | $27 99 | $1,000 | $37 99 | $7 59 | $18 99 | $15 19 | $4 74 | $2 35 | $46 51 | |
| do | N. ½ | 24 | 320 | 1,367 | | | | | | | | | | |
| do | N. E. ¼ | 23 | 160 | 610 | | | | | | | | | | |
| do | S. ½ of S. E. ¼ | 14 | 80 | 305 | | | | | | | | | | |
| do | W. ½ of S. E. ¼ | 13 | 80 | 197 | | | | | | | | | | |

STATE OF WISCONSIN, }
Waukesha county, }

*Town Clerk's Office*, Eagle, Dec. 14, 1852.

To F. A. SPRAGUE, JR.:

You are hereby commanded to collect the taxes charged in the foregoing transcript of the assessment roll of this town, for the year 1852, by demanding payment of the persons charged therein if found within the town, and in default of payment, by making sale of their goods and chattels according to law, and to pay over to the county treasurer the amount of the county and State taxes, and to retain, as the treasurer of this town, the amount of town and school taxes, or so much of each as may be collected by the last Monday of January, 1853, and to make return of this transcript and precept, with your doings thereon, to said treasurer, at his office on that day.

ISAAC BOTTOMLY, Town Clerk.

The defendant's counsel here offered the said warrant and transcript of tax-roll in evidence.

But the counsel for the plaintiff objected to the introduction of the said transcript and warrant, on the ground that it did not comply substantially with the statute, because,

1. The warrant did not run in the name of the State, and was defective in that and other particulars and void. 2. The transcript shows that the said Birchard was taxed for personal property in the town where he did not reside. 3. That the transcript and warrant as to the plaintiff were void for other reasons. The court rejected the evidence and the defendant excepted.

*Jas. A. Mallory* for the plaintiff in error.

1. Proof of acting as public officer is evidence of being such. 1 *Philips' Ev.* 465.

2. The warrant offered by the defendant below, substantially complied with the statute, and contained all the authority necessary to authorize the defendant to sieze the property. It was in the form prescribed by the statute. *R. S. p.* 148, § 51, 52, 53, 50, *Chap.* 15, § 52.

The constitutional direction as to process, only applies to judicial writs. *Dickinson vs. Rogers,* 19 ; *J. R.* 27 ; *R. S. Chap.* 90, § 1.

A ministerial officer is protected in the execution of his writ or process, if the same be regular and legal on its face, though he has knowledge of facts rendering it void for want of jurisdiction. *Upton vs. Holden,* 5 *Met.* 360 ; *Henderson vs. Brown,* 1 *Caine's R.* 92 ; *Deyo vs. Van Valkenburgh,* 5 *Hill,* 242 ; *Noble vs. Holmes id.* 194 ; *People vs. Warren id.* 440 ; 5 *Wend.* 170 ; 1 *Hill,* 118 ; 6 *Hill,* 311 ; 7 *Hill,* 35 ; 1 *Denio,* 141 ; 2 *id.* 645.

The warrant in this case was sufficient to protect the officer, and the court erred in rejecting it.

*J. Downer* for the defendant in error. The supposed assessment roll offered in evidence is defective, as appears from the extract copied in the bill of exceptions.

The warrant did not conform, either in form or substance, to the warrant prescribed by the statute. *R. S. p.* 148, § 52. It did not run in the name of the State of Wisconsin. It does not on its face purport to be directed to the treasurer of the town of Eagle, nor does it designate Sprague as such treasurer. It directs Sprague, in case of default in payment of tax-

es, to make the same by *sale* of the goods and chattels of the persons charged. There is nothing, as in the form given by statute, that directs him to collect the taxes by distress. It reverses the order of the payment of town, county and State taxes. For these reasons the warrant is void.

The extract from the assessment roll, shows that Birchard was taxed for personal property. By statute he could only be taxed for such property in the town where he resided. *R. S. p.* 140, § 10.

The tax as to personal property was void, because it was not assessed in the proper town, and being mixed with the other, rendered that void also. *Drew vs. Davis*, 10 *Vermont R.* 506 ; 1 *Greenl.* 339 ; *Stetson vs. Kempton*, 13 *Mass.* 272 ; *Bangs vs. Snow, id.* 181 ; 5 *Mass.* 547 ; 15 *Mass.* 144.

*P. Yates*, for the defendant in error, argued the above points at the bar, and also insisted that the plaintiff below was entitled to recover, because Sprague did not pretend that he had complied with the statute by "calling at least once on the person taxed, or at the place of his usual residence, if in the town." *R. S. p.* 149, § 55. Without a previous demand he could not levy. *Thompson vs. Goodenow, I. R.* 404.

*By the Court*, CRAWFORD, J. In this case, which originated before a justice of the peace and was taken by appeal to the County Court of Milwaukee county, the defendant below who is plaintiff in error here, sought to justify the taking of the property complained of, by showing that he was town treasurer of the town of Eagle, in the county of Waukesha, and as

such treasurer took the property by virtue of a warrant directed to him by the clerk of said town. This warrant is set forth *in haec verba* in the statement of the case. It was proved on the trial that the plaintiff in error called upon Tucker, who was in possession of, and resided upon the farm of the defendant in error in the town of Eagle, and applied for payment of the taxes set opposite the name of the defendant in error in the assessment roll or transcript thereof attached to his warrant, that the tenant, Tucker, did not pay the taxes, but promised to write to the agent of Mr. Birchard on the subject. Sprague called again upon the tenant, but not receiving payment, he levied upon the property. The defendant in error did not reside in Waukesha county at the time of the taking of the property.

June Term, 1853.

Sprague
vs.
Birchard.

The County Court rendered judgment for the plaintiff below, and to reverse this judgment, the defendant below has sued out a writ of error.

It was strongly urged at the bar, that the protection which the law affords to ministerial officers, acting in obedience to process fair and regular upon its face, and issued from a court of competent jurisdiction, should not be extended to collectors of taxes, and that whenever such officers (collectors) are sued for acts done by virtue of warrants issued to them, they must prove the authority for making the assessment, and show the regularity and legality of the proceedings antecedent to the issuing of the warrant. In support of this position, we have been referred to the case of *Suydam & Wyckoff vs. Keys,* (13 *Johns. R.* 444) where a warrant, directed to a collector of a school district to collect a school tax, was held not to be a justification to the officer, the tax not being au-

thorized by law, so far as the plaintiffs were concerned. However much we respect the opinions of the learned judge who gave the decision in that case, we can neither admit the correctness of his conclusion, nor the soundness of the reasoning by which he arrives at it.

If it be true that " a subordinate officer is bound to see that he acts within the scope of the legal powers of those who command him," then every inferior officer to whose hands process comes, may constitute himself the judge of the legality of the acts of whatever tribunal may have commanded him, notwithstanding the process or mandate may, upon its face, disclose no want of jurisdiction, but be in all respects fair and regular. For instance, an action of trespass on the case might be instituted before a justice of the peace, and upon the trial the cause of action might be *slander*, and the justice, regardless of the total want of jurisdiction, might proceed to judgment against the defendant, and issue execution thereon. In such a case, the constable to whom the execution was given might look in vain to the face of the writ for any evidence of a want of jurisdiction, and might be entirely ignorant of the subject matter of the suit; yet, in a suit brought against him for obeying the requirements of that writ, if the doctrine advanced in the case cited be correct, he may be told that he was bound to look behind his writ, and enquire whether the judgment was properly given, and whether the justice acted " within the scope of his legal powers." That an officer having a knowledge of a want of jurisdiction, but persisting in the execution of the writ, would be held liable, we have no doubt; but in the absence of such

knowledge, we cannot think he would be liable, or required to look into the prior proceedings.

We admit that an inferior court, of limited jurisdiction, when it acts upon a subject matter beyond its jurisdiction, can thereby alone give no protection to its officer in carrying out its assumed powers; but we think there is a clear distinction to be taken between a case where the process issued, appears on its face in all respects to be within the power of the court to issue, and one in which the process of itself shows that the court has exceeded its jurisdiction. While on the one hand, courts will extend a full protection to private rights, they cannot on the other, lose sight of a sound and necessary public policy, and in order that there may be a strict obedience to, and execution of the laws, they will afford an adequate protection to all inferior *ministerial* officers in the performance of their duty. In many cases, doubtless, an adherence to such a course would operate harshly; but still, so long as ignorance and vice are to be found, the most salutary laws may be converted into instruments of injustice. Yet it will be found, that in almost every instance where the law is made a means of injury, the law also affords a redress.

That an officer is protected by his writ, when it is regular upon its face, and that without regard to the jurisdiction of the court whence it issued, has been fully established by a current of authorities, English and American. In *Moravia vs. Sloper*, ( *Willes R.* 30) it is said, that "in the case of an officer who seeks to justify by his writ, and who is obliged to obey the process of the court, and who is punished if he do not, it may not be necessary to set forth that the cause

30

JUNE TERM, 1853.

Sprague
vs.
Birchard.

of action arose within the jurisdiction of the court." But it is held in the same case, that the plaintiff named in the process must set forth and show the jurisdiction. To support this distinction, Chief Justice Willes cites 1 *Lev.* 95; 2 *Lev.* 20; 3 *Lev.* 243; 1 *Vent.* 369; *Carth.* 441; 2 *Mod.* 195.

In the case of *The King vs. R. Danser*, (6 *Durn. & E.* 242) it is held that "a distinction has been made with respect to the persons against whom an action may be brought for taking the defendant's goods in execution, by virtue of the process of an inferior court, when the cause of action does not arise within its jurisdiction, the *plaintiff* in the action being considered a trespasser, but not the *officer* of the court."

In *Cooper and another vs. Boot*, (4 *Doug.* 339) Lord Mansfield says, " It is a solecism to say that the regular execution of a legal warrant shall be a trespass. If improperly executed, an action on the case will lie." And in concluding the opinion of the court in that case he holds, " that for the due execution of a legal warrant, the officer cannot be made a trespasser."

There are some cases in the English reports which hold a contrary doctrine, but the weight of authority is on the other side. The cases of *Smith vs. Dr. Bouchier et al.* (2 *Strange*, 993), and *Harrison vs. Bulcock et al.* (1 *H. Black.* 68), are instances where a ministerial officer has been held liable on the ground of want of jurisdiction in the tribunal from whence issued the process. In the former case, however, the *officers* were held liable because they had joined with others, who were not justifiable, in their plea ; 'and there the court say, that "some of the defendants, *as the officer and gaoler*, might have been excused, if they had justified

without the plaintiff and the vice-chancellor." In the
latter case, which was against commissioners and col-
lectors of land tax, the objection does not seem to have
been urged, and if it had been, the fact that they all
joined in their plea might have had the same effect as
was given to it in the case in Strange.

In the American courts there is a conflict of autho-
rity on this question, and while in some cases the offi-
cer who acts under the process of an inferior jurisdic-
tion is held to strict proof of the regularity and le-
gality of the proceedings under which he acts; in
other and more recent cases, it is decided that when
a public ministerial officer acts under a writ regular
on its face, it is sufficient to constitute a *defence* for
him, when sued for his official acts in obeying it, al-
though it might not be sufficient to enable him to
maintain an action.

The case of *Suydam and Wyckoff vs. Keys*, (13 *John.*
444,) has been expressly overruled in *Saracool vs.
Boughton*, (5 *Wend.* 170,) where it is held that the
officer is protected in the execution of process, whether
it issue from a court of general or limited jurisdiction,
although such court may not in fact have had juris-
diction in the case; provided, that on the face of the
process it appears that the court has jurisdiction of
the subject matter, and *nothing appears in the process
to appraise the officer of any want of jurisdiction.*

In *Warner vs. Shed*, (10 *John.* 138,) the court held
that the officer "was not bound to examine into the
validity of the proceedings and of the process. So
in *Earl vs. Camp. et. al.*, (16 *Wend.* 562,) it is said
that a "ministerial officer should be protected by his
process which is fair on its face, though the magistrate

wanted jurisdiction;" and in the same case, Judge Cowen says: "The law imposes various duties upon them," (speaking of ministerial officers,) "on delivering to them the process of the superior inferior courts, *or the warrants of officers,* to the discharge of which they are absolutely bound, provided there is jurisdiction ; *and though there be a total want of such jurisdiction, if it be not apparent on the face of the process,* the law will not put them to inquire and judge of the case. *In general, they ought not to look beyond the process, and in no case need they do so."* Again, in *Horton vs. Hendershot,* (1 *Hill,* 118,) Mr. Justice Bronson holds that "the rule which justifies the officer while acting under such process as I have mentioned, is one of protection, not of assault. It is a shield, but not a sword. The officer, when sued, may defend under such process, but he cannot build up a title upon it, which will enable him to maintain actions against third persons ;" and in *Van Elten vs. Hurst,* (6 *Hill,* 311,) the same learned judge refers to this general rule. So in *Noble et al. vs. Holmes,* (3 *Hill,* 194,) he says, "as a general rule, process regular upon its face is sufficient for the protection of the officer, although it may have been issued without authority." In *Deyo vs. Van Valkenburgh & Leland,* (5 *Hill,* 242,) Mr. Justice Cowen says, "that an execution regular on its face will protect the sheriff, but the party and his attorney are bound to know, at their peril, whether there was a judgment to warrant it."

We have referred at some length to cases in which this point has been passed upon, because we are desirous to explain the view which we take of it. We hold that it is essential to the faithful and efficient

administration of the laws, that all mere ministerial officers should be amply protected in the due and legal discharge and performance of their duties, and every consideration of public policy as well as of private rights, justifies the rule that the officer should be held exonerated in complying with the mandate of his writ, where that writ is in all respects legal and regular upon its face, and he has no knowledge to the contrary, leaving the party affected to his proper remedy against those who issued it, or caused it to be issued, improperly.

Sprague vs. Birchard.

The warrant in this case is however, substantially variant from that given by the statute (*Page* 149, *Sec.* 52,) and for that reason could afford no justification to the plaintiff in error. We do not believe it is such *process* as is contemplated by Sec. 17, Art. 7, of the Constitution, because the whole tenor of that article clearly indicates that *judicial* process or that emanating from courts of justice was the kind of process provided for therein; for the provision is made in immediate connection with the organization of our judicial system, and the statutory enactment on the subject is found in the chapter treating of the commencement of suits and the service and return of the process of courts.

The warrant in this case omits several important matters. It does not direct the sum of money to be paid by the officer for State taxes, nor does it specify the amount to be retained and paid out by him as town treasurer, both of which sums, by the form of the warrant given in the statute, are secured and preferred, leaving the *balance* of whatever amount may have been collected to be paid over for county pur-

poses, whereas the warrant in evidence in this case materially changes this order of payment, by requiring the State and county taxes to be paid over, while the residue only is retained for town and school purposes. The language of the law is plain and unambiguous, and it is our duty to give it a plain and obvious interpretation.

We think that the County Court did not err in rejecting the warrant as evidence in the case, and that the finding in favor of the plaintiff below ought not to be disturbed. The judgment of the County Court is therefore affirmed.