Gholson, J.
The controversy between the parties, as-shown by the pleadings, is, whether a piece of land shall be taken, and used as a public road. It is claimed on the one side, that there is a title to real estate, which it is sought to-disturb, by an illegal appropriation to a public use; and on- *642 the other side, that there has been a legal appropriation. 'The remedy sought, is an injunction to restrain the occupation of the land, and its appropriation to the purpose intended.
When a party is in possession of real estate, which those professing to act under public authority are about to enter upon and appropriate, for the purpose of a public road, if the steps required by law to secure a proper compensation to the owner, or to protect him against an improper appropriation, have not been taken, he may properly ask the interference of a court by injunction. McArthur v. Kelly, 5 Ohio Rep. 140. No objection was made, in this case, to the remedy sought, but as shown by the bill of exceptions, the parties proceeded to try the question of title and right. The plaintiffs showed that they were seized of the land, and thereupon the defendants, to show the right to appropriate, offered in evidence the record set out in the bill of exceptions. The questions we have to decide, arise on the objections made to that record, and the objections made to the evidence offered to impeach its validity and effect.
The objections to the record, are based on the assumption, that to give such a record validity, it should show on its face, or be supported by proof, that there was a petition signed by at least twelve freeholders of the county, and notice, as prescribed by the statute. That there are cases in which the proceedings of tribunals or bodies of special and limited jurisdiction, 'should show on their face, or be sustained by proof, that the prescribed requisites to the exercise of the power conferred upon them have been complied with, is certainly very true. But, looking to the subject matter, and the provisions of the statute, we think that the record which the statute directs, must be regarded, in any collateral proceeding, as evidence of the establishment of the road. If the report, survey and plat be recorded, as directed by the statute, the presumption that it has been properly and regularly done will arise, and the record will, in the language of the statute, show that the road is to be considered a public highway.
If the road, thus shown to be established, be opened and •used, a further presumption may arise, as to those who are, *643 or properly should be, cognizant of such use,-and may be regarded as acquiescing therein, which may estop them from disputing the legality of the proceedings. Such a presumption from the assent to and acquiescence in the dedication to public use, will" increase in strength, and become conclusive by the lapse of time. It was on this principle that the court acted, in the case of Arnold v. Flattery, 5 Ohio Rep. 271.
The operation of this principle will generally suffice to prevent the obstruction of the public highways of the state, which have been used for a length of time, on the ground of a want of compliance with the requisites prescribed by the statute, as essential to their original establishment. The principle does not apply when the record is offered, not in connection with, and to sustain the use of a highway, but as the authority to enter upon land and open and construct a highway for future public use. Nor does the admission of this principle as a ground of decision, show that the proceedings of the commissioners are to be regarded in the light of proceedings of courts of general jurisdiction. Indeed, the resort to such a principle would, iu itself, show the contrary. We think we go far enough, and give the provisions of the statute full effect, when we hold that the limited record they direct to be made, is to be considered evidence of the establishment of the road, although unaccompanied by proof of the essential requisites to the exercise of the jurisdiction conferred. There is nothing in those provisions which would authorize us to depart from the well-established rules of law, and regard such a body as the county commissioners, acting 'in a special matter, out of the course of the common law, as a court of general jurisdiction. The requirements of a statute authorizing the taking of private property for public use, ought to be strictly pursued. Authority for this purpose, although conferred upon a court of general jurisdiction, not belonging to it properly as such, has been held to give no greater effect to the proceedings than to those of a court of special and limited jurisdiction. The action of county commissioners, in establishing a road, and taking therefor private property, can not be placed on higher ground. Dyckman v. Mayor of New *644 York, 1 Selden, 434, 439; Embury v. Conner, 3 Comst. 511, 523; Striker v. Kelly, 7 Hill, 9, 22; Harrington v. The People, 6 Barb. 607; Barrickman v. Commissioners of Harford Co., 11 Gill & J. 50; Lamar v. Commissioners of Marshall, 21 Ala. 772, 776; 1 Smith’s Lead. Cas. 833.
The decisions which have been cited by counsel for defendants in error, do not sustain their claim, that the courts of this state have applied a different rule in such cases as the present. The remark of the court in Harding v. Trustees of New Haven Tp. 3 Ohio Rep. 227, 232, is not fully stated by counsel, an exception being omitted, and this ease comes within the exception. It is there said, “ that this court has always taken great latitude of discretion, in deciding upon the proceedings of inferior tribunals of limited jurisdiction, except on questions involving their right of jurisdiction, and we have done so from a conviction that a different course would not only destroy their usefulness, but render them, in a great degree deceptive and mischeivous.” The principle on which the court proceeded in Arnold v. Flattery, 5 Ohio Rep. 271, has been already stated. Counsel have not pointed out, and.we have not been able to find anything in the case of Ferris v Bramble, 5 Ohio St. Rep. 112, or in the other road cases in Ohio, which shows, that as to such cases, the court has held that the rule that a statute authority to take private property for public use must be strictly pursued, is inapplicable, or that the distinction between courts of general and courts of limited and inferior jurisdiction does not apply.
Regarding the proceedings of the county commissioners as those of a court of special and limited jurisdiction, the question recurs, whether the requisites of the statute as to a petition by at least twelve freeholders, and notice, are jurisdictional facts, the compliance with which may be questioned in a collateral proceeding. There is some contradiction in the authorities as to what matters coming in question before courts of special and limited jurisdiction, shall be regarded preliminary and precedent to the exercise of the power con- _ ferred. But when they are collateral to the'merits of the subject matter upon which action is to be had, and are to be *645 considered as conditions precedent to the exercise of the power, we think, the question, whether they in fact existed, must remain open to inquiry, and particularly in cases where private property is sought to be appropriated by statutory proceeding. Rex v. Croke, 1 Cowper, 30; Hills v. Mitson, 8 Exch. 751-763; Bunbury v. Fuller, 9 Exch. 111, 140; In re Baker, 2 H. & N. Exch. 219, 249; Birmingham v. Shaw, 10 Q. B. 868, 879; Suydam v. Keys, 13 Johns. 444; New Jersey R. Co. v. Suydam, 2 Harrison, 25; The People v. Koeber, 7 Hill, 39; City of Chicago v. Rock Island R. Co., 19 Ill. 286, 290.
To determine whether any particular matter falls within this rule, will require a construction of the statute under which power is exercised. The act of 14th March, 1831 (3 Chase, 1850), under which the proceedings now in question were had, clearly requires as necessary to invoke the action of the county commissioners, in the establishment of a county road, a petition signed by at least twelve freeholders of the county, and notice “ by advertisement set up at the auditor’s office, and in three public places in each township through which any part of such road is designed to be laid out or altered, at least thirty days previous to the meeting of the commissioners, at which the petition shall be presented.” The statute proceeds : u and on the petition being presented, and the commissioners satisfied that notice has been given as aforesaid, they shall appoint three disinterested freeholders of the county, as viewers of said road, and a skillful surveyor to survey the same,” etc. A plat and survey of the road is to be made and returned with a report of the viewers, and any person through whose land it may be laid out and who may feel injured thereby is required to make complaint to the commissioners, “ at any time between the session of the commissioners at which the report of said road is made, and the second day of their next stated session.” If such complaint be made, the damages are to be assessed by three freeholders appointed by the commissioners, who are to report to the commissioners. An appeal from the decision of the commissioners as to the road or the damages is allowed, but it must *646 be taken “ during tlie same session of the commissioners at which said decision was made.”
As to the petition, which must be deemed essential to give the commissioners jurisdiction, there is nothing in these provisions to show, that its sufficiency is to be adjudicated by them so as to preclude inquiry. There is more doubt as to notice, for they are required by the statute to be satisfied that notice was given, in the manner prescribed. But they are not required to make any finding as to such satisfaction; and the great importance of notice in all proceedings affecting rights of property must not be overlooked. It will also be observed, that the provisions of the statute require that those who may be injured, shall assert their claim for compensation during the pendency of the proceedings, contemplating that they have had notice. The legislature must be supposed cognizant of the rule so long and so well established, that a summary proceeding under a statute to take private property must be strictly pursued, and that when notice to the party, before action taken upon his rights, is required, it is an essential condition to the exercise of jurisdiction; and had it been intended to make an exception to the rule, and allow the commissioners to conclude the party on a matter so important, we can not but think such intention would have been clearly ■expressed.
It is also claimed as error, that the court refused to receive evidence of what would seem to be a contract between the county commissioners and the ancestor of the plaintiffs, by •which the commissioners, in consideration of the right of way for another road, agreed to relinquish their alleged right ■to construct a road over the land in controversy under the authority of the proceedings shown by the record offered in evidence. If the record was valid and established the road, then it is quite clear that the commissioners could not, by a contract, alter or vacate it, but could only do so upon a petition and proceedings under the statute. This is shown by one of ■the authorities already cited. 11 Gill & J. 50, 56. For the purpose, therefore, of showing a contract binding on the com.missioners and invalidating the effect of the record as estab *647 listing the road, the evidence was incompetent, and being offered for that purpose only, was properly rejected.
For the error in rejecting the evidence offered to show that there was not a petition signed by at least twelve freeholders, and no notice as prescribed by the statute, the judgment of the district court will be reversed, and the case remanded to that court for another trial.
Judgment reversed.
Sutliee, C.J., and Peck, Brinkerhoee and Scott, J J., concurred.