## The City of Davenport v. Bird.

1. Municipal corporation: VIOLATION OF ORDINANCE : TITLE OF PROSECUTION : CONSTITUTIONAL LAW. That portion of section 8, article 5 of the State constitution, which provides that " All prosecutions shall be conducted in the name and by the authority of the State of Iowa," does not apply to prosecutions for infractions of city ordinances, but contemplates only those instituted for violations of the laws of the State in those tribunals provided for by the constitution. It is accordingly *held*, in the present case, that a prosecution for the violation of a city ordinance was properly instituted in the name of the city.

2. —— And the city may, in such case, being thereto authorized by its charter, arrest and imprison the defendant, on his failure to pay the fine assessed against him.

*Appeal from Scott District Court.*

THURSDAY, JULY 25.

IT is agreed by counsel that the defendant was arrested, tried before the police magistrate of the city of Davenport,

and found guilty of violating an ordinance of the city; and fined $3 and costs; that defendant appealed to the district court, where he interposed a demurrer to the information for the reasons: ' " 1st. That although section 6, article 8 of the original charter of the city of Davenport, passed February 5, 1851, provides: ' That all suits, actions· and prosecutions instituted and commenced, òr brought by the corporation hereby created, shall be insti· tuted, commenced and prosecuted in the name of the City of Davenport,' yet the action in this case being in the form of a criminal prosecution, and being brought in the name of the ' City of Davenport,' is illegal and unconstitu- ·tional, and in violation of the constitution of the State of Iowa, which provides: ' The style of all process shall be the ' State of Iowa,' and all prosecutions shall be conducted in the name and by the authority of the State of Iowa.' "

The second ground of demurrer was, because the ordinance under which defendant was prosecuted provides, that all fines collected thereunder are required to be paid into the *city* treasury, whereas the constitution requires all fines collected in criminal prosecutions to be paid into the *county* treasury, for the benefit of the school fund.

The third ground denied the power of the city to arrest and imprison for non-payment of fines and penalties, imposed under the ordinance.

The district court sustained the demurrer on the first ground and overruled it as to the others, and dismissed the prosecution. Plaintiff appeals.

*John W. Green*, city attorney, for the appellant.

*George E. Hubbell* for the appellee.

MILLER, J. — The record ˙sets out portions of the city charter:

Section 2, article 1, provides: " That the city council

shall have power to regulate the police of the city; to impose fines, forfeitures and penalties for the breach of an ordinance, and provide for the recovery and appropriation of such fines and forfeitures, and the enforcement of such penalties."

Section 3, article 8: "That the city council shall have power to provide for the punishment of offenders by imprisonment in the county jail or work-house, or city prison, in all cases where such offenders shall fail or refuse to pay the fines and forfeitures which may be recovered," etc.

Section 6, article 8, provides, that "all suits, actions and prosecutions instituted, commenced or brought by the corporation hereby created, shall be instituted, commenced and prosecuted in the name of the City of Davenport."

The second section of the ordinance, under which defendant was prosecuted, declares that: "Every person who shall unlawfully disturb the public quiet of any street, alley, avenue, public square, market place, etc., by loud or unusual noise, by blowing horns or other instruments, etc., shall be guilty of a misdemeanor." And the eleventh section provides that, upon conviction thereof, the defendant shall pay a fine to the city, "of not less than $3 nor more than $100, and be imprisoned until such fine and the costs of prosecution be paid; provided, however, such imprisonment shall not exceed thirty days."

The information and warrant of arrest are also set out in the record, the former being entitled, "The City of Davenport," as plaintiff in the prosecution.

I. The first ground of demurrer is, that the "State of Iowa" should have been plaintiff. It is admitted that the city charter purports to authorize prosecutions, for violations of city ordinances, to be brought and prosecuted in the name of the city, but it is insisted that the charter, in this respect, is in conflict with the State constitution, the eighth section of article 5 of which is as follows: "*The style of all process shall be, 'The State of Iowa,' and all*

*prosecutions shall be conducted in the name and by the authority of the same.*

It will scarcely be claimed, that an information filed before a police magistrate, accusing an individual with the violation of a city ordinance, is, in any sense, "process."

*Process* is "so denominated, because it *proceeds* or issues forth in order to bring the defendant into court, to answer the charge preferred, and signifies the writ or judicial means by which he is brought to answer." "In criminal cases, that proceeding which is called a warrant before the finding of a bill is termed process when issued after the indictment has been found by the grand jury." 2 Bouv. Law Dic. 387, *title* "*Process.*" An information is the charge or accusation which is made against the defendant. The office of *process* is to bring him into court, to answer the charge or information. The *information* is the foundation upon which *process* issues, but is not itself process. The *style* of the warrant upon which defendant was arrested was, "The State of Iowa," and is unobjectionable.

II. Is it necessary, under the constitution, that all prosecutions for violations of municipal police ordinances shall be conducted *in the name and by the authority* of the State of Iowa? Or in other words, is that clause of the city charter of Davenport, which directs that "all suits, actions and prosecutions instituted, commenced or brought by the corporation shall be instituted, commenced and prosecuted *in the name of the City of Davenport,*" in conflict with the constitutional provision before referred to?

We are of opinion that it is not. This clause of the constitution occurs in article 5, which treats of the judicial department of the government. This article vests and defines the judicial power of the State; establishes the tenure of office of the judges and defines the mode of their election; fixes their salary and limits the number of judicial districts; provides for the election of an attorney-general, and other matters pertaining to the judicial arm

of the State, among which is the clause under consider-
ation.

From all this, it seems manifest that the requirement,
that "all *prosecutions* shall be conducted in the name and
by the authority of the State of Iowa," contemplates such
criminal *prosecutions* as shall be instituted and prosecuted
before the tribunals which are provided for in that article
of the constitution, under the statutes of the State. It is
fitting and appropriate that prosecutions for violations of
the criminal laws of the State should be carried on in the
name of the government. But there is no fitness or
propriety in requiring the State to be a party to every
petty prosecution under the police regulations of a muni-
cipal corporation. Such a construction of this article of
the constitution seems to us unwarranted, and not intended
by the framers of the constitution.

It was held by the supreme court of Pennsylvania that
the word "*process*" in the twelfth section of the fifth article
of the constitution of Pennsylvania, which provides that
the style of all process shall be " *The Commonwealth of
Pennsylvania,*" was intended to refer to such writs only
as should become necessary to be issued in the course of the
exercise of that *judicial power* which is established and
provided for in the article of the constitution, and forms
exclusively the subject-matter of it. 3 Penn. St. 99; see,
also, *Sprague* v. *Birchard,* 1 Wis. 457.

On the same principle we are of opinion, that the word
"*prosecutions,*" in the eighth section of article five of our
constitution, was intended to refer only to such criminal
prosecutions, under State laws, as should be cognizable by
the *judicial power* which is established and provided for
in that article, and that it was not intended to include
prosecutions under ordinances of municipal corporations,
cognizable before local police magistrates. It follows,
therefore, that in sustaining the demurrer on the first
ground stated, the court below erred.

The City of Davenport v. Bird.

III. The second ground of the demurrer, that the ordinance is in violation of the constitution, in that it requires fines for its violation to be paid into the city treasury, is no cause of demurrer in this action, and was properly overruled. This question might arise when the proper authorities demand these moneys to be paid to the county treasurer, but the objection cannot be interposed by a party prosecuted. If the school fund is entitled to the fines collected under the ordinance, the proper officer may compel their payment to him by the magistrate or clerk, or by the treasurer if paid over to him. In this prosecution, however, the defendant cannot urge this objection.

IV. The demurrer was properly overruled as to the third ground alleged. The city charter, article 8, section 3, expressly empowers the city council " to provide for the punishment of offenders by imprisonment in the county jail, etc., in all cases where such offenders shall fail or refuse to pay fines and forfeitures which may be recovered against them." The power to imprison necessarily includes the power to arrest. Without the latter, the former would be a barren and empty power. Indeed, it would be no power at all, for unless there is power to arrest there can be no power to imprison.

For the error in sustaining the demurrer on the first ground, the judgment is

Reversed.