BAILEY *vs.* BUELL and others, Assessors, &c.

Where, upon the non-payment by the plaintiff of a tax assessed against him, proceedings in the nature of proceedings supplementary to execution were instituted by the supervisor of the town, before the county judge, to compel the plaintiff to pay such tax, pursuant to the statute of 1867, (*Laws of 1867, ch.* 361,) under which the plaintiff was required, by an order of the county judge, forthwith to pay to the county treasurer the tax as assessed and levied, with costs, and an execution was directed to be issued therefor, to the sheriff; whereupon the plaintiff, on being served with a copy of the order, paid such amount to the county treasurer; *Held* that such payment was not, in any just or legal sense, a *voluntary* payment of the tax.

*Held, also,* that if the assessment was illegal and unauthorized, there could be no question but that the plaintiff had been injured by it; and that, in an action brought by him against the assessors, he might recover back the amount he had been compelled to pay by reason of the wrongful assessment.

When, in such an action, it is claimed by the defendants that the plaintiff was, in fact and in law, a resident of the town, and liable to assessment and taxation there, the question whether the plaintiff was a resident of the town, at the time the assessment was made and completed, is a question of fact for the jury to determine upon all the evidence; and it should be submitted to them.

It is, under such circumstances, proper for the judge to charge the jury that they have nothing to do with the question whether the plaintiff was or was not liable to be assessed and taxed in some other town or place, but that the only question for them to determine is, whether he became a resident of the town where he was assessed, so as to warrant the assessors in assessing him there.

If assessors undertake to assess a person for personal property, who is not a resident of their town, they render themselves liable, in an action brought by the party wrongfully assessed, for the damages he has sustained in consequence of such illegal assessment.

The plaintiff in such an action is not bound to show that he is a taxable inhabitant of some other town or place, in order to maintain it; nor could the contrary be shown, by way of defense. It is enough for him to show, in such a case, that he was not a resident, and the assessors had no jurisdiction over him.

IN 1867, the defendants, who were the assessors of the town of East Bloomfield, Ontario county, assessed the plaintiff as an inhabitant of that town, the sum of $188.66, being an assessment upon $10,000 of personal property. He was duly notified of the assessment. Having failed

Bailey *v.* Buell.

to pay the tax, the same was returned by the collector, and in August, 1868, the supervisor of the town instituted supplementary proceedings, under chapter 361 of the laws of 1867, and on the 19th of September, 1868, an order was granted by the county judge of Ontario county, directing said plaintiff to pay the tax, or an execution would issue against him for the amount. On being served with a copy of said order, the plaintiff paid the amount and costs to the county treasurer, through his attorney. In December, 1868, the plaintiff commenced this action against the defendants, to recover the amount so paid, upon the ground that he was not, at the time of the assessment, a resident or inhabitant of the town of East Bloomfield. The issue was tried at the Ontario circuit in October, 1869.

The question of fact presented to the jury by the evidence and the charge of the judge, was whether the plaintiff was an inhabitant or resident of East Bloomfield, at the time of the assessment. From the evidence of the plaintiff himself, it appeared that for some years prior to 1867, he had resided on a farm in West Bloomfield. That in April of that year, he moved on to a farm he owned in the adjoining town of Richmond, in the same county, having sold the West Bloomfield farm in March, reserving a right to keep some of his personal property in the house on the West Bloomfield farm. He remained on the Richmond farm until the 17th of May, and then sold that farm and moved a part of his personal chattels back to the West Bloomfield house, and the balance of his goods he took to East Bloomfield. At the same time his only child, a daughter, went with him to East Bloomfield and boarded there and attended school. His wife also went there with him and stayed the principal part of the time at her mother's. The plaintiff also stayed and boarded at the house of his mother-in-law in East Bloomfield. He had no other family than himself and wife and daughter.

He remained there, except when away on business, until this assessment was made, of which he was advised. He claimed on the trial, that his residence was in West Bloomfield. The plaintiff, being examined as a witness, was asked this question: "Had you any intention of taking up a residence in East Bloomfield?" Objected to by the defendants as leading and incompetent, and the very question to be decided by the jury. The objection was overruled, and the defendants excepted to the decision.

When the plaintiff rested, the defendants moved for a nonsuit, on the grounds:

1. That the payment made by the plaintiff, set forth in the complaint, was voluntary, and could not be recovered in this action.

2. That the plaintiff and his wife and daughter, were staying in East Bloomfield, and had no other residence, and he was, therefore, properly assessed there.

The court denied the motion, and the counsel for the defendants excepted.

The defendant proved that he stayed at East Bloomfield, with his wife and daughter, after he sold the Richmond farm, until after this assessment was made. They also proved that he claimed a residence in Richmond. The court charged the jury, among other things, substantially, that the question was, whether the plaintiff made East Bloomfield his home, in such a way as to authorize the assessors to assume that he had taken his residence in that town and intended to do so. That if the plaintiff went to the town of East Bloomfield to visit his friends, and had no intention to stay there, but had a fixed object to go somewhere else, and to make his stay there merely temporary, he did not become a resident of that town so as to give the assessors jurisdiction of him. If they found him living there under circumstances which implied his purpose to stay, and that he came there to stay, without a fixed purpose to go somewhere else; if

they found him carrying on business there, having his family there, they would be bound to inquire his object in coming there, and would have a right to assume, if he was in actual business there and staying there steadily at any definite place, that he came there to reside, and would not be trespassers if, acting honestly in that belief, they put him upon the assessment roll. That they would have a right to judge that he was a resident, under these circumstances, and would be only liable for misjudgment when they acted without reasonable ground to believe that he was a resident of the town. If the circumstances were such as to repel the idea that he came there to reside, they had no right to regard him a resident of that town, or to put him down as a taxable inhabitant of that town. That if they were satisfied the evidence did not warrant the assessors in believing him a resident, and did not give them a reasonable ground to believe and act upon that assumption, then they were liable for the consequences. That the jury had nothing to do with the question, as to whether the plaintiff went to East Bloomfield to avoid the tax, or intended to avoid the tax; or whether he was taxable in Richmond or West Bloomfield; but the question was whether he became a resident of the town of East Bloomfield, so as to warrant the assessors in their act. If not, that he was entitled to a verdict for the amount as stated; and any other sum which the plaintiff was obliged to pay to liberate himself from this assessment, or otherwise their verdict would be for the defendants. The amount was $254.96.

The defendants' counsel excepted to the ruling that this was not a voluntary payment. The plaintiff's counsel excepted to that portion of the charge which instructed them that if the act of the assessors was upon reasonable ground, and in good faith, they were not responsible; claiming it a jurisdictional question, and that they were liable absolutely.

The defendants' counsel excepted to that portion of the charge in which the court held that the plaintiff might recover the costs in the proceedings below.

The defendants' counsel then asked the court to charge the jury, 1. That every citizen of the State has a residence in some town, village or city, in which he is liable to taxation. 2. That if at the time the assessment is made he is staying even temporarily in the town, and has no residence in any other town or place, then he is liable to taxation in the town in which he is so staying.

His honor declined to charge the jury in respect to either of said propositions otherwise than he had already charged them; to which refusal the counsel for the defendants excepted.

The jury found a verdict for the plaintiff for $254.96.

The court ordered that all proceedings on the part of the plaintiff be stayed sixty days, to enable the defendants to make a case and exceptions on which to move for a new trial, and that the same be heard in the first instance at the general term of this court.

*E. A. Nash*, for the plaintiff.

I. The objections of the defendants' counsel to the question put to the plaintiff, as to his having had an intention of taking up a residence in East Bloomfield, were properly overruled. 1. The form of the question was in the discretion of the court. (*Vrooman* v. *Griffiths*, 1 *Keyes*, 53.) The question was necessarily leading. 2. A witness may be asked with what intent he did an act. (*Seymour* v. *Wilson*, 14 *N. Y.* 567. *Griffin* v. *Marquardt*, 21 *id.* 121. *Forbes* v. *Waller*, 25 *id.* 439. *Bedell* v. *Chase*, 34 *id.* 386.) 3. The answer to this question did not injure the defendants; there was no conflicting evidence upon the question of the plaintiff's residence. A verdict for the defendants upon this issue would have been against evidence.

II. The payment by the plaintiff was not voluntary.

Bailey *v.* Buell.

1. A refusal to comply with the terms of the order of the county judge would have subjected the plaintiff to arrest and imprisonment. Payment under duress of the person or goods of the party paying, is not voluntary. And a person need not suffer arrest before paying money illegally demanded. (*Frye* v. *Lockwood,* 4 *Cowen,* 454. *Wisner* v. *Bulkley,* 15 *Wend.* 321, 323. *Harmony* v. *Bingham,* 12 *N. Y.* 99. *Am. Exch. Fire Ins. Co.* v. *Britton,* 8 *Bosw.* 148. *Townshend* v. *Dyckman,* 2 *E. D. Smith,* 224.) 2. This action is on the case, to recover damages sustained by the wrongful act of the defendants, and not for money received by or paid to the defendants, and held by them to the plaintiff's use. It is not, therefore, a case in which the question of voluntary payment can arise.

III. The plaintiff could not be assessed for his personal estate, except in the town where he resided at the time of the assessment. (1 *Stat. at Large,* 362, § 5. *The People* v. *Supervisors of Chenango,* 11 *N. Y.* 563. *Mygatt* v. *Washburn,* 15 *id.* 316.)

IV. The plaintiff was entitled to recover the costs of the supplementary proceedings. These proceedings were the legal and natural consequence of the wrongful assessment.

V. Judgment should be ordered for the plaintiff on the verdict.

*H. A. Chesebro,* for the defendants.

I. The plaintiff should have been nonsuited. 1. The payment made by him to the county treasurer was voluntary. The payment was made with a full knowledge on the part of the plaintiff, of all the facts, and there was no compulsion, or seizure of property. (*N. Y. and Harlem R. R.* v. *Marsh,* 12 *N. Y.* 308. *Union Bank* v. *Mayor &c.,* 51 *Barb.* 159. *Com. Bank of Roch.* v. *The City, &c.,* 42 *id.* 488. *Fleetwood* v. *City of N. Y.,* 2 *Sandf.* 475.) (a.) The county judge made the order that the plaintiff pay the sum of $237.29, as a judicial act. No appeal was taken,

nor any proceeding to reverse or modify it; but on being presented with a copy of the order, the plaintiff voluntary paid the amount. In the *New York and Harlem R. R.* v. *Marsh,* above cited, the plaintiff was assessed a tax of $235. The collector called on the treasurer with his warrant and tax list, and demanded the tax. The treasurer paid it, and the company then brought their action, and the court held the payment was voluntary, and could not be recovered back, although there was a defect in the assessment, rendering the tax void. In the *Union Bank &c.* v. *The Mayor &c.,* (51 *Barb.* 159,) the action was to recover $21,916.81, being a tax assessed on a part of the capital of the bank, not liable to taxation. While the question of the liability to tax was pending in the Court of Appeals, the receiver of taxes served a notice on the bank, that if the tax was not paid a warrant would be issued, and a penalty imposed by way of interest. The bank then paid, and brought this action. The general term held the payment a voluntary one, and that the plaintiff could not recover. In *Fleetwood* v. *The City, &c.,* (2 *Sandf.* 475,) the owners of city lots which had been sold for the non-payment of void assessments, redeemed the same, by paying to the street commission the amount, with interest and costs. It was held the payment was voluntary, and could not be recovered back; and it was also held, "that where a party without legal compulsion or duress of goods, yields to the assertion of an adverse claim, by paying the amount, he cannot detract from the force of his concession by protesting against the legality of the claim." See also, *Supervisors of Onondaga* v. *Briggs,* (2 *Denio,* 26;) *Silliman* v. *Wing,* (7 *Hill,* 159.) (*b.*) The copy of the order of the county judge was not in any sense process. In the cases cited, the warrant in the hands of the collector, at the time of the demand and payment, was a process, by virtue of which the officer could, on refusal to pay at once, seize the personal property of the party

Bailey *v.* Buell.

assessed. The most that can be claimed by the plaintiff is, that with a full knowledge of the facts, he voluntarily paid the amount embraced in the order, to save the issuing an execution.

II. The plaintiff should have been nonsuited on the second and third grounds of motion. The evidence showed, without dispute, that, 1. The plaintiff, in the spring of 1867, left West Bloomfield, where he had resided for ten years, and took up a residence in Richmond, with his family. 2. Before this tax was assessed, he sold the farm in Richmond, moved all his goods, and left that town with his family, and with his family went to the village of East Bloomfield, where his daughter attended school. He had no other residence than East Bloomfield when assessed. It was there he and his family and property had the protection of the law.

III. The court erred in refusing to charge as requested. 1. Having charged the jury that the plaintiff had no residence in West Bloomfield or Richmond at the time of the assessment, the request was a proper one. 2. I submit, that for the purposes of taxation, thereby contributing to the support of the government, every citizen of the State has a residence, where he is liable to taxation. If a citizen of the State, who has the protection of its laws to his person and property, can escape taxation by "visiting about" during the time the assessors are making their assessments, as was the case here, we shall have a largely increased floating population during a certain portion of the year. 3. It is submitted, that upon the motion made at the trial, and upon the foregoing point, the plaintiff should have been nonsuited.

*By the Court,* JOHNSON, J. The counsel for the defendants moves for a new trial on two grounds, only: 1. That the judge at the circuit erred in refusing to nonsuit the plaintiff upon the ground on which the motion for a non-

suit was made; and, 2. That the judge erred in refusing to charge the jury as requested by the defendants' counsel.

The first ground upon which the nonsuit was asked, was that the payment of the tax, made out upon, and annexed to, the assessment, was voluntary, and therefore no action could be maintained on account of such payment. It would be, perhaps, a sufficient answer to the motion on this ground, that this is not an action to recover back the money paid, as an action for money had and received, but an action in the nature of an action on the case, to recover the damages sustained by the unlawful assessment. In each of the cases cited by the defendants' counsel, the action was to recover back the money paid, in an action as for money had and received, and the question was whether the payment was voluntary, or upon some compulsion, at the time it was made.

The principle of voluntary payment applies in such actions only. In all actions in the nature of actions on the case, for a wrong, the question is whether the plaintiff has been injured by the wrong complained of. But if the principle of voluntary payment could be held to apply in actions of this kind, the cause of which is an alleged illegal assessment, it could not affect this case. The payment here was not in any just or legal sense a voluntary payment. The case shows that the tax was not paid by the plaintiff to the collector of taxes for the town in which the plaintiff was assessed, but that such collector returned the tax uncollected, for want of goods and chattels out of which to collect the same; and that thereupon, in the month of August, 1868, the supervisor of the town in which such plaintiff had been assessed and taxed, instituted before the county judge of Ontario county, proceedings in the nature of proceedings supplementary to execution in civil actions, to compel the plaintiff to pay such tax, pursuant to the statute of 1867. (*Sess. Laws of* 1867, *ch.* 361.) Under this proceeding the plaintiff was, in pur-

suance of an order to that effect, made to appear before the county judge, and be examined under oath concerning his property. Afterwards, and in this proceeding, the county judge made a peremptory order requiring the plaintiff forthwith, on service of a copy thereof on him, to pay to the county treasurer of said county the tax as assessed and levied, amounting to the sum of $198.09, and the further sum of $39.20, costs and disbursements of the proceeding, and that execution be issued therefor to the sheriff of said county. Upon the service on the plaintiff, of a copy of this order, he paid the amount so ordered and adjudged, to the county treasurer. The only property, as it appears, which the county judge discovered, in the proceeding, belonging to the plaintiff, was $500, deposited to his credit in the bank of Lima, Livingston county.

It will be seen, therefore, that this was in no sense a voluntary payment of the tax founded upon the assessment, but a payment upon a peremptory order of the county judge, in another proceeding, in the nature of a bill of discovery, to compel the payment of such tax, with costs of such proceeding.

If the assessment was illegal and unauthorized, there can be no question but that the plaintiff has been injured by it.

The second ground of nonsuit urged, was that the plaintiff was, in fact and in law, a resident of the town of East Bloomfield, and liable to assessment and taxation there, inasmuch as it appeared that himself and his family were actually living there when the assessment was made, and there was no evidence that he had any other residence. The question whether the plaintiff was a resident of that town at the time the assessment was made and completed, was a question of fact for the jury to determine, upon all the evidence, and it was properly submitted to them. The motion for a nonsuit was therefore properly denied.

The request of the defendants' counsel to the judge to

charge, was: 1st. That every citizen of the State has a residence in some town or village or city, in which he is liable to taxation. 2d. That if, at the time the assessment is made, a citizen of the State is staying even temporarily in a town, and has no residence in any other town or place, he is liable to assessment and taxation in the town in which he is so staying.

The judge refused to charge as requested, on either proposition, in any other or different manner than he had already charged, and the defendants' counsel excepted. The judge had charged the jury that they had nothing to do with the question whether the plaintiff was or was not liable to be assessed and taxed in some other town or place, but the only question for them to determine was, whether he became a resident of the town of East Bloomfield, so as to warrant the assessors in assessing him in that town. The charge, as given, laid down the true rule, and the judge very properly refused to charge as requested. The town or place in which an inhabitant may be assessed and taxed is prescribed by statute, and it does not follow that a person may be lawfully assessed and taxed in a town in which he is confessedly not a resident, merely because he happens to be there temporarily when the assessment is being made, in case it should turn out that he is not a taxable inhabitant of some other town or place in the State, though a citizen of the State.

The plaintiff was assessed for personal estate only. The statute (1 *R. S.* 389, § 5) provides that " every person shall be assessed in the town or ward where he resided when the assessment was made, for all personal estate owned by him." He must be assessed where he resides, for such property, and cannot be assessed for it elsewhere. If the assessors undertake to assess a person for that description of property, who is not a resident of their town, they render themselves liable, in an action by the party wrongfully assessed, for the damages he sustains in consequence of

---

. The People *v.* Norton.

---

such .illegal assessment. This is conclusively settled. (*People* v. *Supervisors of Chenango*, 11 *N. Y.* 563. *Mygatt* v. *Washburn*, 15 *id.* 316.) The plaintiff, in such an action, is not bound to show that he is a taxable inhabitant of some other town or place in order to maintain it; nor could the contrary be shown by way of defense. It is enough for him to show, in such a case, that he was not a resident, and the assessors had no jurisdiction over him to make such assessment.

The jury having found, under proper instructions from the court as to what constituted a person a resident of a town, within the meaning of the statute, that the plaintiff was not a resident of East Bloomfield at the time the assessment was made, properly gave a verdict in his favor for the amount he was compelled to pay by reason of the wrongful assessment.

A new trial must therefore be denied.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, February 6, 1871. *Mullin*, P. J. and *Johnson* and *Talcott*, Justices.]