## DORN *vs.* BACKER and others.

The question as to the place of residence of a person owning real estate subject to taxation, is one for adjudication by the assessors, and the duty of deciding it is a judicial duty; and even if they err in the performance of it, ever so clearly and palpably they are not liable to an action for the redress of the injury thereby occasioned.

Thus, where the largest portion of the plaintiff's farm lay in the town of which the defendants were assessors, and the principal dwelling-house, and other buildings, were on that portion; *Held* that the assessors had jurisdiction of the subject matter, and the question as to whether the farm should be assessed in their town, was one which they were called upon to consider and determine, in the performance of their official duty. And that an action would not lie, against them, to recover back taxes assessed by them upon the farm, although it appeared that at the times when the assessments were made, the plaintiff did, in fact, reside, with a part of his family, in a temporary building erected upon a portion of the farm lying in an adjoining town.

That the duty, and the right, to inquire and decide where the property was liable to be assessed, were necessarily coupled together, and constituted jurisdiction in the matter; and this gave to their decision, if wrong, the character of an error of judgment in a judicial proceeding, for which they were not liable in an action.

APPEAL, by the plaintiff, from a judgment of nonsuit. The action was brought by the plaintiff against the defendants, who were assessors of the town of Ava, Oneida county, to recover damages for an alleged wrongful assessment of the plaintiff's property.

On the trial, at the circuit, the following facts were admitted and read in evidence to the jury:

1st. That the plaintiff was, prior to and in and during the years 1864 to 1868 inclusive, and still is, the owner and occupant of the farm, lands, and premises, mentioned and described in the complaint herein, so owned and occupied by him as one entire farm, and situated and lying partly in the town of Boonville, and partly in the town of Ava, in the county of Oneida, and State of New York, and no part thereof unoccupied; and the division line between said towns of Boonville and Ava divided said farm and lands,

part thereof lying in said town of Boonville, and part thereof lying in said town of Ava.

2d. That at the proper time in the years 1864, 1865, and 1867, as required by the provisions of the statute for the assessment of property for taxation, the assessors of said town of Boonville assessed the plaintiff for the whole of his said farm for taxation in each of those years; which assessments were completed, reviewed, settled, and verified by such assessors, and delivered by them to the supervisor of said town, who delivered the same to the board of supervisors of the county of Oneida; and such boards of supervisors duly levied and imposed the taxes of and for those years, issued warrants for the collection of such taxes each year, in which the plaintiff's name and assessment of his said farm were inserted for taxes therein, and delivered such warrant to the collector of said town for collection, who collected such taxes and his fees, of and from the plaintiff. That the amount of such taxes might be proved by the receipts of the payments thereof, or by the oath of the plaintiff; but the defendants objected that the facts in this paragraph were wholly immaterial in this action.

3d. That the defendants were the assessors of the said town of Ava, in and for those years, 1864, 1865, and 1867, duly elected, and qualified, and acted as such assessors; and that they, such assessors, assessed the plaintiff for the whole of his said farm for taxation in said town of Ava, in each of those years, in the same ratio and proportion as the several inhabitants of Ava, and entered his name and such assessment of his farm in and on the assessment rolls of said town of Ava, and they completed, reviewed, settled, and verified each of such assessments, at the proper times, and delivered the same to the then supervisor of said town of Ava, who delivered the same to the said boards of supervisors of the county of Oneida, which contained and included such assessments of the plaintiff for his said

Dorn *v.* Backer.

farm as aforesaid; and such boards of supervisors levied and imposed the taxes of and for those years, and issued warrants for the collection of such taxes each year, in which the plaintiff's name, and the assessment of his said farm as aforesaid, were inserted for the taxes so levied and imposed each year for and upon his said farm, and delivered such warrants to the then collectors of said town of Ava, who proceeded to and did collect such taxes and each thereof, with their fees thereon, of and from the plaintiff. The taxes, collector's fees, and interest amounted, in the aggregate, to $638.04.

When the plaintiff rested, the defendants moved for a nonsuit, on the ground that the only question here was, had the assessors jurisdiction to make these assessments. The plaintiff objected thereto, and requested to go to the jury on the question of the residence of the plaintiff in the town of Boonville when these assessments were made; which request was refused by the court; and the plaintiff excepted to such refusal and decision. The court then nonsuited the plaintiff; to which ruling and decision the plaintiff excepted.

*Richardson & Adams,* for the appellant.

I. The nonsuit was erroneous. 1. There was no conflict of evidence as to the plaintiff's residence. The whole proof showed the fact that he, at the times of the making and completion of the several assessments, actually resided on that part of the assessed farm lying in the town of Boonville, establishing the plaintiff's right to recover. 2. If it was a disputed question, or in doubt, upon the evidence, whether the plaintiff so resided in the town of Boonville, or was a resident of the town of Ava, as was claimed by the defendants, then, it was a question of fact for the jury to determine upon all the evidence; and it should have been submitted to them. It was so *held* in a late case like this, *Bailey* v. *Buell et al., assessors, &c.,* (59

*Barb.* 158.) 3. If the plaintiff so resided upon that part of the assessed farm lying in the town of Boonville, and the jury had so found the fact, then, the assessments were illegal and unauthorized; and the plaintiff, having been injured thereby, might recover back the amounts he had been compelled to pay by reason of the wrongful assessments. And the payments, as proved on the trial, were not, in any just or legal sense, voluntary payments of the taxes. (*Id.*) 4. Upon the admitted facts, it was enough for the plaintiff to show that he was not a resident of the town of Ava, by proving, as he did, that he resided on that part of said farm lying in the town of Boonville, and, therefore, the assessors had no jurisdiction over him. (*Id.*) 5. If assessors undertake to assess a person who is not a resident of their town, they render themselves liable, in an action brought by the party wrongfully assessed, for the damages he has sustained in consequence of such illegal assessment. (*Id.* *See cases cited under other points.*)

II. The plaintiff's offer to give in evidence the defendants' demurrer to the complaint in this action, and the order of Judge Foster overruling such demurrer, should have been allowed, and the same received. The defendants objected thereto as immaterial. They were material, to show the judgment of the court, that upon the substantive facts of the complaint, the plaintiff was entitled to maintain this action, and recover his damages; his right of action, in this form, was thereby adjudicated. The same substantive facts were admitted and proved on the trial, which, *res adjudicata*, entitled the plaintiff to recover the damages proved.

III. The plaintiff's offer to give in evidence two judgment rolls in actions in this court between this plaintiff and the collector of the town of Ava, in which the residence of the plaintiff was involved and adjudicated, and found and adjudged to be in the town of Boonville, as

claimed in this action, should have been allowed, and the same received.   They were material to show that the question of the plaintiff's residence on that part of the assessed farm lying in the town of Boonville had been properly adjudicated, and the same was not an open question.

IV. It is the residence of the person at the time the assessment is made, which gives jurisdiction to assessors to enter his name upon the assessment roll.   1. The act relating to the assessment of taxes, (1 *R. S.* 908, §§ 1, 5, *5th ed.*,) requires every person shall be assessed in the town where he resides when the assessment is made, for all lands owned by him therein, occupied by him, or wholly unoccupied ; and all personal estate owned by him. Section 2. What lands assessable to owner or occupant. Section 3 relates to unoccupied lands of non-residents ; and by section 4, when the line between two towns divides a farm, or lot, the same shall be taxed, if occupied, in the town where the occupant resides.   This applies to this case.   2. The plaintiff, residing on his farm (so divided by the town line, and wholly occupied by him) in the town of Boonville, as proved by uncontradicted evidence, was not subject to the jurisdiction of the assessors of Ava. As Denio, Ch. J., in *Mygatt* v. *Washburn*, (15 *N. Y.* 316,) said : " In placing his name on the roll, and adding thereto an amount, as the value of his property, they acted without authority."   It was not, in the view of the law, the case of an error of judgment.   They were bound to see that they acted within the scope of the authority legally committed to them.   (*Suydam* v. *Keys*, 13 *John.* 444. *Prosser* v. *Secor*, 5 *Barb.* 607.   *Freeman* v. *Kenney*, 15 *Pick.* 44.   *Lyman* v. *Fiske*, 17 *id.* 231.)   The assessments, which were wholly void, could not prejudice the plaintiff in any subsequent proceedings on the same.   (*Merritt* v. *Read*, 5 *Denio*, 352.   *Roberts* v. *Read*, 16 *East.* 215.)   3. Where a person occupies one entire farm, and a division line be-

tween two adjoining towns passes through the same, such farm can be assessed for taxes only in the town where the owner or occupant resides. So held by the court, Marcy, J., in *Saunders* v. *Springsteen*, (4 *Wend.* 429;) under an act substantially the same as the present statute. 4. Selden, J., in *Whitney* v. *Thomas*, (23 *N. Y.* 285,) speaking of the provisions of the Revised Statutes, prescribing the mode of assessing lands, *held*, " The provisions are imperative. There is no authority whatever for making the assessment otherwise than as they direct." * * * " The assessors have no jurisdiction to assess, except as the statute prescribes; and unless they pursue the directions of the statute, the assessment is unauthorized and void." 5. The law protects the owners of property by requiring that when they are to be assessed and taxed for, or to be divested of the title to their property by any statutory proceeding, the directions of the statute must be strictly pursued. (*Sharp* v. *Speir*, 4 *Hill*, 76. *Sharp* v. *Johnson*, *Id.* 92.) 6. This court, in the fifth judicial district, has held, upon the facts of this case, that the plaintiff is not entitled to either the writ of mandamus, or the writ of *certiorari*, to aid him in obtaining relief from the injustice and vexation of double assessments and taxation. And the plaintiff has no remedy by action, or other proceedings against the town of Ava, or the county of Oneida, or the board of supervisors. *Lorillard* v. *Town of Monroe*, (12 *Barb.* 161;) and the judgment in that case was affirmed by the Court of Appeals, (1 *Kern.* 392;) and approved by Parker, J., in *People* v. *Supervisors of Chenango County*, (1 *Kern.* 572 to 575, *and cases cited.*) So, the remaining remedy is the action against the assessors for the damages sustained by the illegal assessment. 7. Though the court, Bacon, J., in *Brown* v. *Smith*, (24 *Barb.* 419,) seems to have decided—wrongly, we think—where a farm, divided by town lines, is to be assessed in the town in which that part of it lies, upon which it is claimed the owner's resi-

Dorn *v.* Backer.

dence is, the assessors, in determining the question as to the residence of the owner, act judicially; and when so acting within the scope of their authority they are not liable to an action, although they err. (19 *Barb.* 22; 7 *id.* 127, 133, *&c.*; 3 *id.* 616; 3 *Denio*, 117, *and cases cited in opinion of Beardsley, J., pp.* 118 *to* 121.) Yet in the late case of *Bailey* v. *Buell et al., assessors, &c.,* (59 *Barb.* 158,) it is held, among other things, that if the assessment was illegal and unauthorized, the plaintiff, in an action brought by him against the assessors, might recover back the amount he had been compelled to pay by reason of the wrongful assessment. If assessors undertake to assess a person who is not a resident of their town, they render themselves liable in an action brought by the party wrongfully assessed, for the damage he has sustained in consequence of such illegal assessment. 8. It is well settled, "no person can be compelled to pay a tax more than once on the same property in the same year." (12 *Pick.* 10. 1 *R. S.* 908, §§ 1 *to* 5, *5th ed. Laws of* 1850, *p.* 142.) Denio, Ch. J., in *Mygatt* v. *Washburn,* (15 *N. Y.* 319,) says. "the law does not intend to tax the property of the citizen more than once in the same year, and that no increased burthen is designed to be imposed on a person on account of a change of residence at any time in the year." It was lawful for Mr. Dorn to change his residence from Ava into Boonville, as he did in 1862, and to continue it in Boonville as he has; thereby he lost no rights, nor incurred any disabilities, nor imposed upon himself any additional liabilities. It did not subject him to the legal or equitable liability of double assessments and taxation. He was assessed and paid his taxes in the town of Boonville rightfully, because he resided on that part of his assessed farm lying in that town, while he occupied the whole thereof.

V. The plaintiff actually residing in the town of Boonville at the time of the making of the assessments, he was

not an inhabitant of the town of Ava, and the assessors, therefore, had no · jurisdiction to decide the question whether he was a taxable inhabitant; it was both a legal and physical impossibility that he should be a taxable inhabitant of Ava. As Hunt, J., in *Barhyte* v. *Shepherd*, (35 *N. Y.* 254,) said : " He was no more subject to their jurisdiction, as a legal proposition, than was the emperor of China or the king of Abyssinia, and the assessors had no more power to direct the imposition of a tax upon his property than upon that of those distant personages." This is the ground of the rule in *Mygatt* v. *Washburn*, and *The People* v. *Supervisors of Chenango*. And all the authorities hold that there is a want of jurisdiction in cases of non-residence. Leonard, J., in *Barhyte* v. *Shepherd*, (p. 245,) says : " It is clear that, by the effect of the decision of the court in *Mygatt* v. *Washburn*, assessors must determine the question of residence at the peril of personal responsibility in damages, in case they shall, by mistake, without fraud or malice even, place the name of a non-resident on the assessment roll. The assessors are to ascertain the names of the taxable inhabitants of their town. A non-resident is not a taxable inhabitant, and the assessors have no jurisdiction over him or of his person. (*Per Hunt, J., in Barhyte* v. *Shepherd*, 254.)

VI. Therefore, it is clear that the nonsuit should be set aside and a new trial granted. And it is submitted that judgment should be given to the plaintiff for his damages, $638.04, and interest, with costs, &c.; as the plaintiff's residence in the town of Boonville cannot, really, be disputed, as under two prior cases, involving the question, it has been found and adjudged in his favor.

*C. D. Adams*, for the respondents.

The assessment of personal property and land proceed upon different principles. Personal property must be assessed in the town where the owner resides, no matter

Dorn *v.* Backer.

where the property is situated. (1 *R. S.* 908, § 5, *5th ed.*) The principle is recognized, that personal property attends the person of the owner. Assessors have no jurisdiction to assess for personal property, unless the owner resides, at the time of the assessment, in their town. And assessors are liable to an action if they assess such personal property without jurisdiction. *Mygatt* v. *Washburn,* (15 *N. Y.* 316,) was decided under section 5, and holds jurisdiction to assess personal property depends on the residence of the owner. Land must be assessed in the town where it lies. (3 *R. S.* 908, § 1, *5th ed.*) Every person shall be assessed in the town or ward where he resides when the assessment is made, for all land then owned by him within such town or ward, and occupied by him, or wholly unoccupied.

Section 2. Land occupied by a person other than the owner, may be assessed to the owner or occupant, or as non-resident land.

Section 11. Non-resident land is assessed in the town where situated. The only case where land may be assessed out of the town where it is situated, is to be found in section 4, page 908: "When the line between two towns or wards divides a farm or lot, the same shall be taxed, if occupied, in the town or ward where the occupant resides; if unoccupied, each part shall be assessed in the town in which the same shall lie; and this, whether such division line be a town line only, or be also a county line."

Section 8. Between the first days of May and July in each year, they (the assessors) shall proceed to ascertain, by diligent inquiry, the names of all the taxable inhabitants, and also all the taxable property, real and personal, within the same.

Section 9 prescribes how the assessment roll shall be made up.

I. Assessors are judicial officers in determining all questions necessary to a discharge of their duties, and are not

liable for errors of judgment, any more than other judges. (*Weaver* v. *Deavendorf,* 3 *Denio,* 117. *Smith* v. *Brown,* 24 *Barb.* 419. *Barhyte* v. *Shepard,* 35 *N. Y.* 238, *which reviews all the cases. Foster* v. *Van Wyck,* 4 *Abb. N. S.* 469.) Where land is situated in the town of the assessors, they have jurisdiction of the subject matter, and are called on to determine whether it shall be taxed there. It is like the case of personal property, where the owner lives in the town; the assessors are called on to determine what personal property is taxable, and to what extent. There is this further consideration : This land was occupied by members of the plaintiff's family, residing in Ava, who carried on the farm for the plaintiff's benefit, and with his assistance; and all the circumstances appearing on the trial were such as to raise a fair question, whether the plaintiff was a bona fide resident of Boonville. The plaintiff excepts, because he could not go to the jury on it. This question the assessors decided, and were obliged to. The law surely does not require the assessors to determine this question at their peril. They come rather within the principle, that where jurisdiction depends on a fact to be determined, if there is anything tending to show the fact, the court or officer may decide the matter, and assume jurisdiction and act. If the decision is erroneous, it is not void. (4 *Denio,* 118. 3 *Cowen,* 47. 1 *Selden,* 434, 440. 1 *Kernan,* 331.) In 18 *N. Y.* 355, it is said : " With what liberal indulgence to officers and parties, courts judge, even upon such jurisdictional questions, and the ground of policy on which that course rests, are shown in the foregoing cases." *Brown* v. *Smith,* (24 *Barb.* 419,) decided at the general term in the 5th district, was just like this this case. The farm was divided by the line of Winfield, Herkimer county, and Plainfield, Otsego county. It was held the assessors had jurisdiction of the subject matter ; the land was to be taxed. Where ? To determine this was a duty imposed by law—was judicial action—and a

Dorn *v.* Backer.

wrong decision subjected the assessors to no suit. This case is approved in *Barhyte* v. *Shepherd*, (35 *N. Y.* 243.)

II. The question of motive is not in the case. No public officer is responsible, in a civil suit, for a judicial determination, however erroneous it may be, or however malicious the motive which produced it. (*See above cases; also* 3 *Denio*, 117, 120, *and cases cited;* 3 *N. Y.* 464; 4 *Abb. Dig.* 209, *Nos.* 109, 110, 111, 112, *and cases cited.*)

*By the Court,* JOHNSON, J. The plaintiff was rightfully nonsuited at the circuit. The action was against the defendants as assessors of the town of Ava, in the county of Oneida, for improperly assessing the plaintiff's farm in that town. The farm consisted of about 400 acres, and lay in the town of Ava, except about 70 acres, which lay in the adjoining town of Boonville. The plaintiff claims that he, at the time, resided on that part of his farm lying in Boonville, and that the defendants had no right to assess him for his farm in the town of Ava. It appeared upon the trial, that the plaintiff had for many years previous to the making of the assessments complained of, resided on that part of his farm lying in Ava, and that the principal dwelling-house on the farm was situated in that town, and also the principal part of the other buildings in which the business of the farm was carried on. That in the year 1862 the plaintiff erected a temporary building just across the line in the town of Boonville, of planks, battened, without any cellar underneath, and moved into it with his wife, leaving a portion of his family occupying the homestead on the other side of the line in Ava. He continued to reside there with his wife for several years, and was so residing when the assessments complained of were made. The assessments complained of were made in the years 1864, 1865 and 1867, and the taxes thereon amounted in the aggregate to $430.91. It appears that the assessments in the years 1864 and 1865, were made without the plain-

tiff's knowledge, and that the first notice he had that such assessments had been made was when the collector called on him for payment of the tax. In the year 1867 he was notified by one of the assessors that he would be assessed for that year in the town of Ava, and went before the assessors, on the day fixed for reviewing the assessments, and endeavored to satisfy them, by affidavits and otherwise, that he actually resided on that part of his farm lying in the town of Boonville. This he failed to do, and the assessors refused to strike his assessment from the roll. The evidence upon the trial tends very strongly to show that the plaintiff did in fact live, with his wife and some part of his family, in the temporary dwelling-house before mentioned, in the town of Boonville, during the years when the assessments complained of were made. But it does not necessarily follow from this that the action will lie to recover the amount of the tax.

The question of the plaintiff's residence was the question before the assessors, and in one of the years at least, the plaintiff had a hearing upon that question before them, and it was determined against him, after his proofs and allegations had been heard and considered. It is true that by statute (1 *R. S.* 389, § 4,) the plaintiff was properly assessable and taxable for his entire farm in the town of Boonville, if he in fact resided on the portion of such farm lying in that town, and was not liable to be assessed therefor in the town of Ava. But this fact of residence the defendants were called upon to decide, in the discharge of their duty as assessors.

There were certain facts and appearances for them to take into consideration in arriving at their conclusion on the question of the plaintiff's residence in fact and in law. It was matter for adjudication by them, and the duty of deciding was a judicial duty, in the performance of which, even if they erred, ever so clearly and palpably, they are not liable to an action for the redress of the injury thereby

Dorn *v.* Backer.

occasioned. This seems to be well settled. The defendants had jurisdiction of the subject matter.

The largest portion of the farm lay in their town, and the most valuable dwelling-house and other buildings, and the question as to whether it should be assessed in their town, was one which they were called upon to consider and determine, in the performance of their official duty. The case, in its facts, is quite analogous to that of *Brown* v. *Smith*, (24 *Barb.* 420,) in which it was held that the assessors were not liable to an action, though the assessment was erroneous. The decision in that case is approved by the Court of Appeals, in *Barhyte* v. *Shepherd*, (35 *N. Y.* 238,) which is a case involving a kindred principle. That was a case where a minister of the gospel had been assessed, without allowing him the exemption provided by statute in such a case, and which the defendants had refused to allow, though they were shown his certificate of ordination as a minister of the Methodist Episcopal Church. Yet it was held that the determination as to whether the plaintiff was entitled to the exemption was in its nature judicial, and the action would not lie.

The same principle was again held by the Court of Appeals, in 1867, in *Foster* v. *Van Wyck*, and two other cases, (*reported* 41 *How. Pr.* 493,) in which property not taxable had been assessed and taxed, where it was held that the assessors were not liable for making an erroneous assessment, they having been called upon to determine what property was taxable, and what not. The cases of *Swift* v. *City of Poughkeepsie*, (37 *N. Y.* 511;) and *Bank of Commonwealth* v. *The Mayor*, (43 *id.* 184,) are to the same effect.

The distinction between such a case as this, and that of *Bailey* v. *Buell*, (59 *Barb.* 158,) is, perhaps, at first blush, not entirely obvious. That was the case of an assessment of the plaintiff for personal property, when he was not a resident of the town in which he was assessed. The de-

cision in that case followed the decisions in the Court of Appeals in the cases of *The People* v. *Supervisors of Chenango*, (11 *N. Y.* 563,) and *Mygatt* v. *Washburn*, (15 *id*. 316,) where it was expressly held, that the person assessed for personal property, being in fact a non-resident of the town in which the assessment was made, was not subject to the jurisdiction of the assessors, and that they acted wholly without authority in placing his name upon the roll. It was held to be, not the case of an error of judgment in a matter in which the assessors had jurisdiction, but the case of a proceeding entirely without authority. In such a case, it is manifest that the assessors cannot acquire jurisdiction over the person by asserting it, and undertaking to exercise it. Unless the law gives it, the assertion of it by the assessors is not, in a legal sense, an error of judgment, but an unlawful usurpation of authority. In the case at bar the assessment was not for personal property, but for real estate lying in the town, in which the defendants were assessors. They had general jurisdiction over the real estate of their town, to assess it, and it was their duty to do so, unless it was liable to be assessed in another town, by reason of some extraneous fact. This fact it was the duty of the defendants to inquire into and to decide. The land lying in their town, and *prima facie* liable to be there assessed, the duty devolved upon the defendants as assessors, to inquire and determine whether it should be assessed by them, or whether it was liable to be assessed in an adjoining town. The duty, and the right, to inquire and decide, were necessarily coupled together, and constituted jurisdiction in the matter; and this gave to their decision, if wrong, the character of an error of judgment in a judicial proceeding, for which they are not liable in an action.

The line of distinction between cases where acts are done entirely without authority, and where they are done under authority erroneously exercised, is not always broad or well marked, but is generally readily discovered by a

careful survey. In this case the defendants were not wholly without authority, and if they erred in their determination, it was an error of judgment only.

The judgment should, therefore, be affirmed.

FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 2, 1872, *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]