CORNELIA M. STEWART, PLAINTIFF, *v.* CORNELIUS
FONDA, ALEXANDER S. HAYS AND JOHN D. CURTIS,
DEFENDANTS.

HENRY HILTON, PLAINTIFF, *v.* SAME, DEFENDANTS.

*Non-resident land — when the owner cannot object that it is assessed to him, instead
of to the occupant — proper form of assessing it.*

The plaintiff, a resident of the city of New York, owned certain real estate situated in the village of Saratoga Springs, a portion of which was used as a hotel and the remainder underneath the hotel for stores. In 1876, the property being then assessed to one A. T. Stewart, then deceased, the agent of the plaintiff, the plaintiff being the devisee and widow of the said Stewart, told the assessors to assess the same to her, which was done. In 1878 the agent of the plaintiff appeared before the assessors, objected to their valuation of the property and examined witnesses in relation thereto. No objection was made to the form of the assessment, nor to the fact that the land was assessed to the plaintiff and not to the occupant. The land being assessed to the plaintiff, a tax was imposed upon her, and the amount thereof collected by the seizure and sale of her property under a collector's warrant. This action was brought to recover the amount thereof against the assessors, on the ground that the plaintiff being a non-resident they had no jurisdiction to impose a personal tax upon her.

*Held,* that as the land was within the territorial jurisdiction of the assessors and liable to taxation, and as the plaintiff did not object to its being assessed to her instead of to the occupant, she could not now claim that the assessors were without jurisdiction in making such assessment, and hold them personally liable for the tax collected from her in virtue thereof.

The proper form of assessing land, owned by a non-resident, on which is a hotel, with stores underneath occupied by tenants, considered.

MOTIONS for new trials on verdicts directed at the circuit, subject to the opinion of the court at General Term.

These cases were considered together, the questions involved in each being the same.

The actions were brought against the defendants on the ground that, as assessors of the town of Saratoga Springs, in 1878, they wrongfully assessed plaintiffs on their real estate in said town as resident taxpayers, instead of placing said real estate on the assessment-roll as non-resident lands, or assessing the same to the occupants thereof. No question was raised in either case but what the

plaintiff was the owner of the real estate in question; that the same was situate in said town and properly assessable there. But it was insisted that it should have been assessed as non-resident lands, the plaintiff in each case residing in the city of New York; and that, in consequence of its being assessed to plaintiffs as residents, warrants to collect the tax levied in pursuance of the assessment were issued to the collector and personal property of plaintiffs' was sold to satisfy the tax. A portion of the property was used for a hotel and the residue underneath the hotel for stores.

It appeared, in each case, that in 1878 an agent of plaintiffs appeared before the assessors at the time they advertised, pursuant to law, for persons aggrieved to appear before them, and examined the assessment-roll then made out, and on which the real estate in question was then assessed to the plaintiffs, as residents, and then objected to the valuations of the property, but made no objection to the manner of the assessment.

It further appeared that in 1876, the property being then assessed to A. T. Stewart, the agent of Cornelia M. Stewart (the plaintiff in the first suit, who was the devisee and widow of said Stewart), told the assessors to assess the property to her, which was done.

*Charles S. Lester*, for the plaintiff. The action of the assessors resulted in a personal assessment against the plaintiff in the nature of a personal judgment. The plaintiff being a non-resident, the defendants had no jurisdiction of her person, and were only authorized to assess her lands in the manner provided by statute. For this unauthorized and illegal act the defendants are personally liable. (*Whitney* v. *Thomas*, 23 N. Y., 281; *Sharp* v. *Spier*, 4 Hill, 76; *Doughty* v. *Hope*, 1 Comst., 79; *Merrill* v. *Village of Portchester*, 71 N. Y., 309; *National Bank of Chemung* v. *City of Elmira*, 53 id., 49; *Overing* v. *Foote*, 65 id., 269; *In re Second Avenue Church*, 66 id., 395; *Newman* v. *Supervisors of Livingston Co.*, 45 id., 676; 1878, chap. 153; 1851, chap. 176; 1 R. S. 387; *Mygatt* v. *Washburn*, 15 N. Y., 316; *Dorn* v. *Barker*, 61 id., 261; *Dorn* v. *Fox*, 61 id., 264; *New York and Harlem R. R. Co.* v. *Lyon*, 16 Barb., 651; *Prosser* v. *Secor*, 5 id., 607; *Clark* v. *Norton*, 49 N. Y., 243; *Dorwin* v. *Strickland*, 57 id., 492; *Palmer* v. *Lawrence*,

6 Lans., 282; *Wade* v. *Matheson*, 4 id., 158; *Smith* v. *Shaw*, 12 Johns., 257; *Suydam* v. *Keyes*, 13 id., 444; Cowen & Hill's Notes, 1002; *In re Catholic Protectory*, 20 Alb. Law J., 135.) The claim that the appearance before the assessors without making objection to their jurisdiction waived such objection and conferred jurisdiction on the assessors, and estopped plaintiff from maintaining an action against the assessors is untenable. (*Crawford* v. *Lockwood*, 9 How. Pr., 550; *Muller* v. *Pondit*, 55 N. Y., 334; *Brewster* v. *Striker*, 2 Com., 19; *Hutchins* v. *Hubbard*, 34 N. Y., 24; *Shapley* v. *Abbott*, 42 id., 447; *In re Faulkner*, 4 Hill, 598; *Phillips* v. *Allen*, 8 B. & C., 477; *Homan* v. *Brinkerhoff*, 1 Denio, 184; *Cadwell* v. *Colgate*, 7 Barb., 253; *Bissell* v. *Briggs*, 9 Mass., 469; *Pawling* v. *Birds Ex.*, 13 Johns., 206; *Cuyler* v. *Trustees of Rochester*, 12 W., 165; *Starr* v. *Trustees of Rochester*, 6 id., 564; *Dudley* v. *Mahew*, 3 Comst., 9; *Buckle* v. *Eckhart*, id., 132; *Oakley* v. *Aspinwall*, id., 547; *Beach* v. *Nixon*, 5 Seld., 35; *Harriott* v. *N. J. R. R. Co.*, 8 Abb., 284; *Davis* v. *Packard*, 7 Peters, 276; *Jones* v. *Norwich and N. Y. Co.*, 50 Barb., 193; *Coffin* v. *Tracy*, 3 Cai., 129; *Blin* v. *Campbell*, 14 Johns., 432; *Woodward* v. *Paine*, 15 id., 493; *Preston* v. *The City of Boston*, 12 Pick., 7; *McCormick* v. *Pa. C. R. R. Co.*, 49 N. Y., 303; *Bumstead* v. *Reed*, 31 Barb., 661.)

*A. Pond*, for the defendants. The duty imposed upon the assessors, and which they cannot escape, to decide the various questions arising in the course of their inquiries pertaining to the assessment, and to make up the assessment-roll therefrom, is manifestly judicial in its essence and nature, and therefore an error, if one is committed by them in its performance, is a judicial error, for which they cannot be made or held personally liable in an action therefor. (1 R. S. at Large, p. 360, § 1; p. 363, § 8; p. 364, § 11; p. 365, § 17; Laws 1851, chap. 176, p. 332, § 1; p. 333, § 3; p. 334, § 8; *Johnson* v. *Learn*, 30 Barb., 616, 619; *Van Rensselaer* v. *Witbeck*, 7 Barb., 133, 137; *Van Rensselaer* v. *Cottrel*, id., 117, 129; *S. C.*, affirmed, 1 Sel. Notes, 25; *Western R. R. Co.* v. *Nolan*, 48 N. Y., 514, 518; *Buff. and State Line R. R. Co.* v. *Suprs. Erie Co.*, id., 93, 99, 105; *Foster* v. *Wyck*, 41 How., 493, 496, 497; *Barhydt* v. *Shepherd*, 35 N. Y., 238;

*Swift* v. *Poughkeepsie,* 37 id., 511, 514; *Bank Com.* v. *Mayor,* etc., 43 id., 184, 186; *Weaver* v. *Williams,* Ct. of App. [7 Week. Dig. 513]; *Youmans* v. *Simmons,* 7 Hun, 466; *Horton* v. *Auchmoody,* 7 Wend., 200, 203; *Butler* v. *Potter,* 17 Johns., 145; *Voorhees* v. *Martin,* 12 Barb., 508; *Clark* v. *Holdridge,* 58 id., 61, 71; *Lange* v. *Benedict,* 73 N. Y., 12, 36; *Bradley* v. *Fisher,* 13 Wall., 335, 353; *Scott* v. *Stansfield,* 3 L. R. Ex., 220; *Calder* v. *Halket,* 3 Moore's P. C. Rep., 28; *Lorillard* v *Town of Monroe,* 12 Barb., 161, 167; *Brown* v. *Smith,* 24 id., 419, 422; *Hunt* v. *Hunt,* 72 N. Y., 217, 229, 230; *King* v. *Poole,* 36 Barb., 242, 245; *Schaettler* v. *Gardiner,* 47 N. Y., 404; *Roderigas* v. *East River Savings Inst.,* 63 id., 460; *Bumstead* v. *Reed,* 31 Barb., 661, 667; *Porter* v. *Purdy,* 29 N. Y., 106, 111; *People* v. *Liscomb,* 60 id., 559, 568.)

Learned, P. J. :

The principle which holds an assessor personally liable, in certain cases, for his official acts to the party injured, is certainly hard, and ought not to be extended. The assessor is obliged to act, and to act upon the facts as he can learn them by inquiry. (1 R. S., 390, § 8.) If, on such inquiry, the facts are presented to him in one form, and subsequently, in an action brought against him, a different state of facts is proved by evidence, it seems to be unreasonable that he should suffer. He is not like some inferior officers, who act upon a written and sworn application, and who are to judge from that alone whether they have jurisdiction. But he must determine whether he has jurisdiction by "inquiry," and is to act on the decision based thereon.

It is worth while, then, to examine the cases with some care, and to see what has been decided as to such liability.

In *Dorn* v. *Backer* (61 N. Y., 261), the plaintiff owned a farm lying partly in each of the two towns, of Ava and of Boonville. He occupied and worked the whole, and for some years had lived in Boonville, where he voted, and where his farm was taxed. The assessors of Ava also assessed him for his farm, and collected the tax. He sued the assessor and was nonsuited by the court below. See 61 Barb., 597, where the facts appear. This was reversed by the Commission of Appeals. In this case, therefore, there were

these facts : the property was not within the jurisdiction of the assessors (1 R. S., 389, § 4), and the plaintiff had been unjustly compelled to pay a double tax.

The case of the *The National Bank* v. *The City of Elmira* (53 N. Y., 49) was not an action against assessors.

In *Mygatt* v. *Washburn* (15 N. Y., 316), the plaintiff was assessed for personal property in a town where he did not reside. He was also assessed and paid taxes in the town of his residence. This, then, is a case where the assessors had no jurisdiction of the person, and hence had no jurisdiction to assess his personal property. (1 R. S., 390, 391, §§ 8, 9, subd. 4.)

In *Clark* v. *Norton* (49 N. Y., 243), the assessor assessed the plaintiff for personal property after the time when, by law, their roll was to be completed. Hence, their jurisdiction had altogether expired.

In *Dorwin* v. *Strickland* (57 N. Y., 492) the assessor assessed for personal property a non-resident of the town, and was held liable for damages. Of the same nature are the cases of *Palmer* v. *Lawrence* (6 Lans., 282) ; *Wade* v. *Matheson* (4 Lans., 158), and *Suydam* v. *Keys* (13 Johns., 444).

*Prosser* v. *Secor* (5 Barb., 607) was the case of a recovery, where a minister of the gospel was assessed for personal property.

Thus, in all the cases of recovery against assessors, cited by the plaintiff, there has been an assessment against the personal property of a person not within the jurisdiction of the assessors, excepting the first case, in which the land assessed was, for the purpose of assessment, out of their jurisdiction, as if it had been out of their town.

Section 1, 1 R. S. (m. p. 387) declares that all lands and personal property shall be liable to taxation. The land in question was within the town where the defendants were assessors, and was within their jurisdiction ; and it was their duty to assess it. (1 R. S., 390, § 8.) In that respect the present case differs from all those on which the plaintiff relies. The subject-matter was within the jurisdiction of the defendants.

It appears, then, that in 1876 this property had been assessed to A. T. Stewart, and that the agent of the plaintiff then told one of the assessors, when consulted by him for this purpose, that the prop-

erty should be charged to the plaintiff. In pursuance of that information the assessment roll was made out. In 1878, when the assessment was made which is now complained of, the agent for the plaintiff appeared before the assessors in due season, and gave evidence and examined witnesses. All the evidence thus given was on the question of the value of the real estate thus assessed. No objection was made to the form of the assessment, or to the fact that the land was assessed to the plaintiff. The evidence thus produced states that the property assessed is the plaintiff's; and, indeed, her ownership is undisputed.

We have, then, a case where the assessors had jurisdiction to assess the land, and where, therefore, they were to decide the questions of fact and law involved in making the assessment. They were, therefore, to determine the manner of making the assessment. And in this they acted judicially, as decided in *Buff. and State L. R. R. Co.* v. *Supervisors* (48 N. Y., 93); and see p. 105, notes 23; and also *Van Rensselaer* v. *Cottrell* (7 Barb., 127); affirmed, 1 Selden Notes, 25.

In fact they assessed the land to the true owner. And certainly the owner of the land might prefer that it should be assessed directly to her, rather than to the occupant, or as non-resident land. That is a matter which concerned her only. The provisions as to assessing to the occupant, and the like, are intended, not to indicate that the owner is not the proper person to pay the tax, but to facilitate the collection thereof. That the *owner* is to pay the taxes is recognized by chapter 327, Laws of 1855, and by the equity doctrine of apportionment.

If, then, the owner of the land should appear before the assessors, and should admit that she was a resident of the town, and request that the land owned by her in the town should be assessed to her as a resident, and if, in compliance with such admission, the assessors should thus assess the land, on what principle could she recover damages against them for their act? To permit such a recovery would be unjust. But, practically, this is what the plaintiff did. By the request of her agent, the property had been assessed to her. By his omission to object, she waived, as against these assessors, any right to complain of their acts. *Volenti non fit injuria.*

It is evident that no wish, that any other manner of assessment should be followed, was hinted at by her. No wrong has, in fact, been done to the plaintiff. She has not been assessed in two places on the same property; she has not been assessed in property not taxable; she has paid taxes on her own property; and that is what she ought to do. And the whole case looks as if it were intended merely for revenge on the assessors for not reducing the valuation of the property as she desired. Courts ought not to aid such an attempt to punish these, and to hold a rod over future assessors.

The case of *Preston* v. *Boston* (12 Pick., 7) is cited by the plaintiff to show that a request to assessors to assess a person in one place, does not give jurisdiction. That differs from the present in two respects. It was not an action against the assessors; and it was an assessment for a poll tax. There was no property to give jurisdiction.

The recent and well-known case of *Lange* v. *Benedict* (73 N. Y., 12) seems to show that the act of an officer may be void, and yet not always render him civilly liable. And, therefore, the decisions in *Whitney* v. *Thomas* (23 N. Y., 281), and in similar cases, do not determine the question of the defendants' liability.

Whether or not the defendants' proceedings were so strictly regular that a sale of the land would have conveyed a title is not the question. The question is, simply whether the defendants were utterly without jurisdiction, and therefore liable.

In the view which we have taken of this case, we have not deemed it necessary to discuss the question whether this land was, or was not, assessed in the proper form; whether it should have been assessed to the occupants, or whether it should have been assessed as non-resident land, under all the peculiar provisions of section 13; some of which appear to be inappropriate to a hotel building with tenants in stores therein.

The views above expressed apply to the case of Hilton against the same parties. In that case there does not seem to have been the positive request in a former year to assess the property to Mr. Hilton instead of Mrs. Stewart. Substantially, however, the case is the same with hers. A jury would be fully justified in finding that the agent of Mr. Hilton had, in a former year,

requested that the assessment be made to him. And, at any event, we have in this case the same attendance of the agent, the same attempt to reduce the amount of the assessment, and the same absence of objection as to the manner of entering the assessment on the rolls. In this case, also, the refusal of the assessors to reduce the assessment is the only act with which they had any reason to believe that the plaintiff was dissatisfied.

For the reasons above given, the motion for judgment on the verdict must be denied, and a new trial granted, costs to abide the event in both of these cases.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., taking no part.

Motion for judgment on verdict denied; new trial granted, costs to abide event in each case.