DAVID DRAKE, RESPONDENT, *v.* MILO SHURTLIFF, JOHN R. MERRICK AND RUSSELL WASHBURN, APPELLANTS.

*Payment of tax — when a payment made in pursuance of an order of a county judge, under chapter 361 of 1867, is deemed a voluntary one.*

The plaintiff having refused to pay a tax levied upon the amount of personal property for which he was assessed, on the ground that he did not reside in the town in which the assessment was made, proceedings were instituted before the county judge, in pursuance of chapter 361 of 1867, in which the judge made the usual order of reference in supplementary proceedings, and enjoined the plaintiff " from selling, assigning, incumbering, or in any manner interfering with his property until the further order of the court." Upon the coming in of the report an order was made directing the plaintiff to pay to the supervisor, who had instituted the proceedings, the amount of the tax, with the costs of the proceedings. The plaintiff, having paid the amount as directed by the order, brought this action to recover the same from the assessors on the ground that they had acted without jurisdiction in making the assessment:

*Held*, that the payment was a voluntary one, and that the action could not be maintained.

*Bailey* v. *Buell* (50 N. Y., 662) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*P. C. Williams*, for the appellants.

*Porter & Walts*, for the respondent.

TALCOTT, P. J.:

In this case the plaintiff sued the defendants as assessors of the town of Philadelphia, in Jefferson county, for the year 1875, for illegally assessing him on the tax roll of that town for the year 1875, whereas as he alleges, and the jury has found, he was not on the 1st of July, 1875, a resident and inhabitant of the town of Philadelphia, but was on the said 1st day of July, 1875, an inhabitant and resident of the town of Le Roy, an adjoining town in said county. The assessment complained of was upon personal property to the amount of $12,000, on which the tax in question was $127.18, and the complaint avers that the plaintiff, by reason of the said illegal act of the defendants, was compelled to and did on the 31st of December, 1877, pay the said tax with interest thereon and thirty dollars costs, and that he has sustained damage by reason of the said illegal act to the sum of $169.98, with interest from the day of payment. The personal tax not being paid, George E. Tucker, supervisor of the town of Philadelphia, instituted proceedings under chapter 361 of the Laws of 1867 (Session Laws of 1867, vol. 1, p. 817), before the Hon. A. H. Sawyer, county judge of Jefferson county, who issued an order dated March 9, 1876, requiring the plaintiff to appear before a referee and be examined on oath concerning his property, and evidence was taken before the said referee. It was then conceded that the plaintiff had the ability to pay the tax, but it would seem that before the referee the plaintiff sought to and did introduce proofs touching the question whether he was on the 1st day of July, 1875, a resident and inhabitant of the said town of Philadelphia, and thereupon denied the power and jurisdiction of the assessors to assess him for personal property in said town. The order made by the county judge on the 9th day of

March, 1876, followed the usual form of order in supplementary proceedings, and restrained the said David Drake, and enjoined him "*from selling, assigning, incumbering or in any manner interfering with his property until the further order of the court.*"

On the 21st of December, 1877, the referee having made his return of the evidence taken before him, the said county judge, after hearing the counsel for the respective parties, made a further order as follows: " That said David Drake pay to the said George E. Tucker, supervisor, or to his attorney, the sum of $139.98, that being the amount of his tax with the interest thereon, and that he also pay the further sum of thirty dollars as the costs of these proceedings as fixed by me, and I further order that such payment be made within ten days after the service of a copy of this order on him." Whereupon the said plaintiff paid the amount specified in the said order. On the trial of this case the defendants requested the court to charge that " upon the evidence in the case, as to the manner and circumstances under which the tax was paid, such payment was voluntary, and could not be recovered back in this action."

The court declined so to hold or charge, and the defendant duly excepted.

We cannot see why the injunction against the plaintiff, restraining him from any disposition of or interference with his property which the county judge had due authority to make under the act of 1867 before referred to, did not operate as a duress of goods and to a certain extent as a duress of the personal volition of the plaintiff, therefore rendering the payment involuntary within the rule as to voluntary payments. But we must yield to the authority of the court of last resort. This court held and decided in a case of precisely this description that such a payment was not voluntary, but that the party who had been so illegally assessed, and against whom proceedings had been commenced under the act of 1867, and who had been ordered by the county judge of Ontario county to pay the tax or an execution would issue against him for the amount, and who thereupon paid the tax ; that such payment " was not in any just and legal sense a voluntary payment of the tax, and that the person so paying might maintain an action of this description notwithstanding such payment, and recover of the assessors who had assessed him as a resident and inhabitant of a

town in which he did not reside, the amount which he had been compelled to pay in consequence of their illegal act in proceeding to assess him without jurisdiction." (*Bailey* v. *Buell*, 59 Barb., 158.)

But our judgment in that case was reversed by the Court of Appeals, upon the ground that the payment was voluntary, and could not be recovered back notwithstanding that the assessors had in fact no jurisdiction to assess the plaintiff in that case. A memorandum of the case on the appeal to the Court of Appeals is to be found in 50 New York, at page 662; but a full report of the opinion in the case, as delivered in the Court of Appeals and certified by the clerk and under the seal of that court, is contained in the printed points of the defendant in this case. In the opinion in the case in the Court of Appeals it is stated that the order for issuing an execution against the taxpayer in that case was a nullity, not being authorized by the statute in reference to supplementary proceedings. But that was not the ground upon which the decision was placed. The real grounds of the decision were summed up in the fourth proposition of the opinion, as follows, viz. :

4. The order of the county judge did not authorize the seizure of the person or property of the plaintiff; at most it was in the nature of a judgment declaring the liability of the plaintiff in case of his refusal or neglect to pay the tax, but, without further action, it was nugatory. " The court then proceeds to say that the order that an execution issue was a nullity not authorized by the statute; that the judge could only order the application of moneys or property in the hands of the plaintiff to the payment of the tax, or appoint a receiver of property or debts not in his possession and thus incapable of direct application to the purpose named. It is sufficient to say that neither of these things was done in the present case, and we see no essential distinction between the present case and that of *Bailey* v. *Buell* (*supra*), and we, of course, must yield to the superior wisdom of the court of last resort, and hold that this payment of the tax in the case at bar was a voluntary payment which cannot in an action against the assessors be recovered back for that reason.

It is suggested by the counsel for the plaintiff that this action is to recover damages by reason of an unlawful assessment, and not for money received by or paid to the defendants and held by them

for the plaintiff's use. The same position was taken by the counsel for the plaintiff in the case of *Bailey* v. *Buell,* and is thus treated by Justice JOHNSON, in his opinion in this court, at page 166 : " In all actions, in the nature of actions on the case for a wrong, the question is, whether the plaintiff has been injured by the wrong complained of. But, if the principle of voluntary payment could be held to apply in actions of this kind, the cause of which is an alleged illegal assessment, it could not affect this case. The payment here was not in any just or legal sense a voluntary payment."

The judgment and order denying a new trial on the minutes are reversed, and a new trial ordered, costs to abide the event.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

So ordered.